WILLIAMSON *v.* NEW YORK, N. H. & H. R. CO.

*(Superior Court of New York City, General Term.* March 5, 1889.)

1. WAREHOUSEMEN—LARCENY OF GOODS—BURDEN OF PROOF.
In an action to charge a warehouseman for the value of certain property which it has failed to deliver on demand, the burden is on defendant to show that the goods have been lost without any negligence on its part, and the existence of some, but not conclusive, evidence that the property was stolen, is not sufficient to cast the burden of proof on plaintiff to show such negligence.

2. SAME—EVIDENCE—DISCOVERY OF THEFT.

It having been suggested that the property was stolen, it was proper, on cross-examination of the person who had charge of it, to ask him if any effort had been made to trace out the theft.

3. SAME—INSTRUCTIONS—PROTECTION OF GOODS.

Where the person having charge of the property had numerous duties to perform, it was proper for the court to instruct the jury to consider whether the duties required of him were such that he could not perform them with reasonable accuracy.

4. SAME—PROOF OF ORDINARY CARE.

The court called the attention of the jury to the fact that on the day when the goods were alleged to have been stolen some hours elapsed before it was discovered that a door had been left open, as some evidence on the question whether or not ordinary care had been used to protect the goods. Afterwards the court said that attention was not called to such fact as in itself evidence of want of care, but simply as one of the facts connected with the case, to which the jury might give more or less weight. *Held*, that there was no error.

5. EVIDENCE—OPINION EVIDENCE—VALUE OF GOODS LOST.

In an action to recover the value of certain wearing apparel, alleged to have been lost by defendant's negligence, plaintiff may give his estimate as to the value of the articles lost.

Appeal from trial term.

Action by Francis A. Williamson against the New York, New Haven & Hartford Railroad Company, to recover the value of certain goods, including articles of wearing apparel, alleged to have been lost by the negligence of the defendant. The latter objected to testimony of the plaintiff as to the value of such wearing apparel, on the ground that he was not shown to be an expert. From a judgment for plaintiff, and from an order denying a motion for a new trial, the defendant appeals.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Page & Tafft,* for appellant.   *Ingraham & Allen,* for respondent.

TRUAX, J. The action was brought by plaintiff to recover the value of certain goods that defendant, as warehouseman, held for him. There are some exceptions to the admission of certain questions that tended to show the value of such goods. These exceptions were not well taken. The evidence was not strong, but it was relevant to the question of value. Its weight was a question for the jury, and they were properly instructed by the court on that point. The goods had been delivered to the defendant as a common carrier, but its obligation as a common carrier had ceased, and it was holding the goods simply as a warehouseman. At the close of the plaintiff's case, the defendant moved to dismiss the complaint, on the ground that its liability as a common carrier had ceased, owing to the failure of the plaintiff to call for his goods, and that the plaintiff had failed to make out a case against it as a warehouseman. This motion was denied, and the defendant excepted.

We are of the opinion that this ruling was not erroneous. The plaintiff had at this point made out his case. The failure of the defendant to deliver, upon demand, goods deposited with it as a warehouseman, cast upon it the burden of accounting for them. See *Schwerin* v. *McKie,* 5 Rob. (N. Y.) 404; affirmed, 51 N. Y. 180, and cited with approval in *Bank* v. *Doyle,* 91 N. Y. 42. The goods had disappeared. How and when was for the defendant to show, and, having failed to show this fact, every presumption is in favor of the plaintiff's right to recover the value of the missing goods. The defendant was liable as bailee or warehouseman, and as such was bound to deliver the goods on demand, or to prove that they were lost without any negligence on its part. See *Bank* v. *Doyle,* 91 N. Y. 42. It was intimated on the trial that the goods had been stolen. One of the witnesses for the defendant, the station-master, in whose charge the goods were when last seen, was asked, on cross-examination, if the defendant had made any effort to trace out the burglary. This was objected to as immaterial, irrelevant, and incompetent. The objection was overruled, and the defendant excepted. We think that this

question was proper on cross-examination. It tended, though perhaps to a slight degree, to show that the witness himself did not believe that the goods had been in fact stolen, because he had made no effort to find out who the stealer was. The court charged as follows: "You perceive that one man in this case was called upon to perform numerous duties. You will consider whether the duty of attending to the giving of tickets, and the duty of looking after the baggage, and any other duties which he says he performed, was more than could be expected to be performed with reasonable accuracy and with reasonable care by one man." This portion of the charge was excepted to by the defendant. We are of the opinion that this was not erroneous. The fact to which the attention of the jury was called, though not an important fact, was evidence of defendant's negligence sufficient to authorize the court to submit the question to the jury. A warehouseman is liable for his negligent omission to take reasonable and prudent precaution to guard goods in his custody from thieves. *Faucett* v. *Nichols*, 64 N. Y. 377. The court also called the attention of the jury to the fact, which was in evidence, that the morning of the day on which it was claimed the goods were lost some hours elapsed before the person acting as baggage-man discovered that a door had been opened, and he left that to the jury as some evidence on the question whether or not ordinary care had been given to the custody of the goods. Subsequently the court said that he did not call the attention of the jury to this fact as being of itself evidence of want of care, but simply as one of the surrounding facts connected with the case, which might or might not affect the jury as they gave more or less weight to it. We are of the opinion that there was no error in the charge as modified. But the fact remains undisputed in the case that the defendant was in possession of the plaintiff's goods as a bailee or warehouseman, and that it has not returned to the plaintiff those goods. The burden is with the defendant to explain why it did not deliver the goods to the plaintiff on demand. This case is to be distinguished from *Claflin* v. *Meyer*, 75 N. Y. 260, in which case it conclusively appeared that the goods had been stolen; and it was there held that the burden of proving that the stealing was occasioned or was not prevented by reason of some negligence or omission of due care on the part of the warehouseman, was upon the plaintiff, while in this case it does not conclusively appear that the goods had been stolen.