(March 13, 1913.)

GILBERT JOHNSON and ERVAN JOHNSON, Appellants, v. JOHN T. FISHER, Sheriff, et al., Respondents.

[131 Pac. 8.]

PERSONAL PROPERTY—OWNERSHIP OF—LEVY OF EXECUTION—VERDICT OF JURY—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

1. Where there is substantial evidence to sustain the verdict of a jury, it will not be reversed on appeal.

2. *Held,* that the giving of certain instructions was not error.

APPEAL from the District Court of the Ninth Judicial District for Fremont County.   Hon. James G. Gwinn, Judge.

Action to recover the value of certain personal property which had been levied upon and sold by the sheriff under execution.   Judgment for defendants.   *Affirmed.*

N. D. Jackson, for Appellant.

The testimony shows that the property, when the levy was made, was in possession of the appellants.   In such case it is incumbent on the officer, who seeks to justify the levy, to show not only a writ fair on its face, but a valid judgment on which the writ issued.   (*Paige v. O'Neal,* 12 Cal. 483; *Hakanson v. Brodke,* 36 Neb.. 42, 53 N. W. 1033; *Sears v. Lydon,* 5 Ida. 358, 49 Pac. 122.)

C. W. Poole and B. H. Miller, for Respondent.

The evidence is sufficient to support the verdict, and instruction No. 2, complained of by appellants, was properly given upon the pleadings and proof made.   (*Rollofson v. Nash,* 75 Minn. 237, 77 N. W. 954.)

SULLIVAN, J.—This action was brought by the appellants against the respondent Fisher, as sheriff of Fremont county, and the National Surety Co., as surety on said sheriff's official bond, to recover the value of certain wheat and oats alleged to have been taken by said sheriff on execution against the father of said appellants, Martin Johnson.

The main question involved was the ownership of said grain.   The cause was tried by the court with a jury and resulted in a verdict and judgment for the respondents.   The appeal is from the judgment.

The assignments of error go to the sufficiency of the evidence to sustain the verdict, errors of law occurring at the trial, and errors in giving certain instructions.

After a careful examination of the evidence, we are satisfied there is substantial evidence to sustain the verdict of the jury.

The real question involved was the ownership of said grain, and it appears from the evidence that the father of appellants entered into a contract for the purchase of the land on which the grain was grown some time in 1910; that thereafter an attachment was levied thereon and he surrendered his right to purchase said land, and thereafter on January 9, 1911, the appellants entered into a contract for the purchase of said land. At that time the appellants were not of age, and it appears that the father and family resided on said land and that the father assisted thereon. From all of the evidence the jury evidently believed, and had reason to believe, that an effort was being made to defeat the creditors of the father in collecting the judgment, for the enforcement of which said execution was levied. There was considerable evidence introduced in regard to the contract for the purchase of said land, and we are not inclined, on a consideration of all of the evidence, to disturb the verdict of the jury.

Under all of the evidence we do not think there was reversible error in giving the two instructions complained of.

The judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondents.

Ailshie, C. J., and Stewart, J., concur.