(March 3, 1914.)

## J. L. BAKER, Respondent, v. FIRST NATIONAL BANK OF CALDWELL, IDAHO, Appellant.

### [139 Pac. 565.]

TRANSFER OF BANK ACCOUNTS—CONFLICTING EVIDENCE—ACCOUNT STATED.

1. *Held,* that there is not sufficient evidence adduced in the record of this case with reference to monthly statements of respondent's bank account, alleged to have been rendered to him by appellant bank, to bind respondent on the theory of an account stated.

2. *Held,* that although the evidence in this case was conflicting, there was sufficient evidence before the jury to sustain a verdict in favor of plaintiff, and in accordance with the established rule of this court in such cases the judgment of the lower court will not be disturbed.

APPEAL from the District Court of the Seventh Judicial District for the County of Canyon. Hon. Ed. L. Bryan, Judge.

Action to recover money claimed to be due as balance of a bank deposit. Judgment for plaintiff and defendant appealed. *Affirmed.*

Scatterday & Van Duyn and Griffiths & Griffiths, for Appellant.

The defendant bank, under the law, was obliged to accept and act upon the oral orders of Van R. Squire, in the handling of the Squire & Baker account. (*Hanan v. Sanford* (Or.), 137 Pac. 772.)

The bank had a lien on all the funds in the Squire & Baker account up to March 17, 1909, when the indebtedness of that account was finally paid. And after that time the bank had a lien on the portion of the proceeds belonging to each of the individuals owning that account to the extent of their indebtedness to the bank. (*Willey v. Crocker-Woolworth Nat. Bank,* 141 Cal. 508, 75 Pac. 106; *Reynes v. Dumont,* 130 U. S. 354, 9 Sup. Ct. 486, 32 L. ed. 934; *Clark v. Northampton Nat. Bank,* 160 Mass. 26, 35 N. E. 108; *Buffalo Co. Nat. Bank v. Hanson,* 34 Neb. 455, 51 N. W. 1035; *Straus v. Tradesmen's Nat. Bank,* 122 N. Y. 379, 25 N. E. 372; *Backhouse v. Charlton,* L. R. 8 Ch. Div. 444.)

Jackson & Walters, for Respondent, cite no authorities on points decided.

AILSHIE, C. J.—This action was instituted by the plaintiff against the defendant bank to recover the sum of $3,633.33, claimed as a balance due on an account that was opened with the bank in the summer of 1908 in the name of Squire & Baker. The account was opened in the first place by an overdraft of $12,340, the check was signed by Squire & Baker, and the money was used in the purchase of cattle. The cattle were subsequently sold from time to time and the receipts from the sale were turned over to the bank in reduction and payment of this overdraft. In May, 1909, the deposits from sales of cattle had paid off the overdraft and left a balance to the credit of Squire & Baker in the sum of $2,004.50. The bank divided this sum into three parts, and paid one-third thereof to the plaintiff and placed the other two-thirds to the credit of Squire. The plaintiff himself, according to his tes-

timony, made demand from time to time for the payment of the other two-thirds which had been placed to the credit of Squire. Subsequent to the purchase of the cattle, Squire transferred all his interest in the business to his partner Baker and never claimed any further interest in the deposit or the business.

The controversy that has arisen between Baker, who is respondent here, and the sole remaining member of the firm, and the bank which is appellant in this case, grows out of the contention that one John T. Sebree had at one time been a member of the firm and that the firm had then been known as Squire & Sebree, and that later it had been succeeded by the firm of Squire & Baker. The cashier of the bank contends that Squire had told him to transfer two-thirds of the Squire & Baker account to the Squire & Sebree account which had previously been maintained in the bank and to credit one-third to Baker. The bank appears to have had some transactions with Squire & Sebree and some demands against them, which had been satisfied by the sum transferred to their credit in this transaction. The conflict in the evidence, which is abundant, and the real controversy in the case arises over the transfers of these different accounts and of the purported conversations and authorizations which took place between the parties. The respondent maintained and so testified that the bank had no authority to make such a transfer and that Squire had no interest in the account and no authority to authorize any transfer or deposit of the same, and that the whole deposit in the bank to the credit of Squire & Baker belonged to respondent.

The jury evidently believed the contention made by the respondent and the evidence he produced in that behalf. It could serve no useful purpose to recite the evidence in this opinion or to enter upon a discussion of it or speculation as to the probabilities of one witness having told the truth and another having testified falsely. We are content with the verdict of the jury in the case. There was sufficient evidence before them to justify them in finding in favor of the plaintiff.

It has been contended that respondent was bound by the regular monthly statements which the bank claims to have mailed him showing the condition of the account. Respondent denies having received such statements. However that may be, we do not think under the evidence as adduced in this case sufficient has been shown to bind respondent by any itemized statements on the theory of an account stated.

The case of *Haman v. Sanford* (Or.), 137 Pac. 772, cited and relied on by appellant, states a sound principle of law but is hardly applicable to the facts of the case at bar.

We find no valid reason for disturbing the verdict and judgment entered in the trial court. Judgment affirmed, with costs in favor of respondent.

Sullivan and Stewart, JJ., concur.