(May 11, 1914.)

ZACHARIAH MONTGOMERY, Respondent, v. G. R. GRAY, Appellant.

[144 Pac. 646.]

VERDICT—EVIDENCE——SUFFICIENCY OF—EXCESSIVE DAMAGES—INSTRUCTIONS.

    1. *Held,* that the evidence is sufficient to sustain the verdict.

    2. *Held,* that there is no evidence indicating that the verdict was rendered under the influence of passion and prejudice.

    3. *Held,* that the court did not err in giving or refusing to give certain instructions.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to recover the value of certain timber alleged to have been sold and delivered to the defendant. Judgment for plaintiff. *Affirmed.*

Allen & Allen and Ezra R. Whitla, for Appellant.

E. W. Wheelan and O. J. Bandelin, for Respondent.

Counsel cite no authorities on points decided.

SULLIVAN, J.—This action was brought to recover the sum of $3,769.80 alleged to be the value of certain timber sold by the plaintiff, who is respondent here, to the defendant, who is appellant here. The written contract under which the sale of said timber was made is attached to the complaint and made a part thereof, where it is agreed, among other things, that the appellant shall have three years in which to cut and remove all of the merchantable timber on said land and that the payments under the contracts were to be made thirty days after each carload of timber was shipped.

The answer put in issue many of the allegations of the complaint, and the cause was tried by the court with a jury and resulted in a verdict in favor of the plaintiff for $1732.31 with interest at 7% from August 18, 1909, on which verdict a judgment was entered for that amount.

A motion for a new trial was denied and the appeal is from the order denying a new trial.

A number of errors are assigned, going to the sufficiency of the evidence to justify the verdict, excessive damages given under the influence of passion and prejudice, and the admission and rejection of certain testimony offered, and the giving and refusing to give certain instructions.

The main controversy arises over the amount of timber taken from said land by the defendant. The defendant took possession of the half section of land on which said timber stood, and, as we view the contract, it was incumbent upon him to scale the logs or measure the timber taken from said tract of land, which he failed to do.

No good purpose can be served in this opinion by analyzing the vast amount of testimony given on the trial, but we are satisfied that the verdict of the jury is fully sustained by the evidence and that the verdict was not given under the influence of passion or prejudice. We find no prejudicial error in the record made by the trial court in the admission or rejection of evidence, nor in the giving or refusing to give certain instructions. The instructions given fairly cover the law of the case as based on the evidence, and the court did

not err in refusing to grant a new trial because of newly discovered evidence.

The judgment is therefore affirmed and it is so ordered, with costs in favor of respondent.

Ailshie, C. J., concurs.


(December 17, 1914.)

ON REHEARING.

[144 Pac. 646.]

CONFLICT IN EVIDENCE—DISCRETION OF TRIAL COURT—CUMULATIVE EVIDENCE—ORDINARY DILIGENCE.

1. Where there is a substantial conflict in the evidence, the verdict of the jury will not be disturbed on appeal.

2. The granting or denying of a new trial rests in the sound discretion of the trial court.

3. Where affidavits filed in support of a motion for a new trial contain a recital of such alleged facts as are merely cumulative, or it clearly appears that the facts contained in the affidavits might have been, by the exercise of ordinary diligence, procured at the trial, the trial court will be justified upon that ground, if upon no other, in denying the motion for a new trial.


BUDGE, J.—On the 25th day of March, 1914, the above entitled cause was by counsel for the respective parties argued, submitted, and by the court taken under advisement. Thereafter, on the 11th day of May, 1914, the court announced its opinion, in which the judgment of the trial court was affirmed.

On the 3d day of June, 1914, a petition for rehearing was filed by the appellant herein, which said petition was on the 13th day of June, 1914, granted. On the 8th day of December, 1914, at the regular term of said court sitting at Coeur d'Alene, said cause was reargued and by the court taken under advisement.

We have carefully considered the questions submitted in this case. There are possibly two additional propositions involved that might be briefly mentioned in connection with the final determination of this cause. From a careful reading of the record it is apparent to us that there is a serious conflict in the testimony of the witnesses, particularly with reference to the amount and kind of timber that was upon the land of the plaintiff, at the time the contract upon which this action was brought was entered into between the parties to this litigation. Where there is a substantial conflict in the evidence the verdict of the jury will not be disturbed upon appeal. (*Baker v. First National Bank,* 25 Ida. 651, 139 Pac. 565; *Tilden v. Hubbard,* 25 Ida. 677, 138 Pac. 1133; *Henry Gold Mining Co. v. Henry,* 25 Ida. 333, 137 Pac. 523; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605.)

We have considered the affidavits filed by the appellant in support of his motion for a new trial, and we are unable to reach the conclusion that the trial court erred in denying counsel's motion for a new trial. The granting or denying of a new trial rests in the sound discretion of the trial court, and where the affidavits filed in support of the motion contain a recital of such alleged facts as are merely cumulative, or it clearly appears that the facts contained in the affidavits might have been, by the exercise of ordinary diligence, procured at or prior to the trial of the cause, the trial court would be justified, if upon no other ground, in denying the motion for a new trial.

The instructions given to the jury by the court in this case, when considered together and as a whole, fairly and correctly state the law of the case.

We therefore hold that the conclusion reached in the original opinion in this case must be affirmed, and it is so ordered, with costs of this appeal in favor of respondent.

Sullivan, C. J., and Truitt, J., concur.