(October 30, 1915.)

## THE WHITE COMPANY, Appellant, v. M. A. MEANS, Respondent.

[152.Pac. 1050.]

AUTOMOBILES—CONTRACT FOR SALE OF—INTERLINEATION IN—EVIDENCE—
CONFLICT—SUFFICIENCY OF—VERDICT—NEW TRIAL—INSTRUCTIONS.

1. Where an action is brought on an alleged contract for the sale and purchase of automobiles, and the answer denies that the contract sued on was entered into, but avers that the business done by the defendant in regard to such automobiles was under another and different contract, and the jury in its verdict in effect finds that the business was transacted under the latter contract, and there is substantial evidence to sustain said verdict, the judgment based thereon will not be reversed.

2. Under the facts of this case as they appear from the record and the affidavits filed on the motion for a new trial, *held,* that the court did not err in refusing to grant a new trial.

3. *Held,* that the instructions given fairly cover the case as made by the pleadings and evidence, and that the court did not err in giving them.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to recover for the purchase price of an automobile and to recover damages by reason of the alleged violation of a contract. Judgment for defendant. *Affirmed.*

Fred E. Butler, for Appellant.

Where an action is brought upon a contract, it is error for the trial court to admit in evidence a contract of a different date, for different terms and conditions, than that which is pleaded. (*Phillips v. Brown*, 21 Ida. 62, 120 Pac. 454.)

Newly discovered evidence to successfully contradict a witness upon a material matter is ground for a new trial, and it is no objection to such allowance that the evidence may incidentally impeach a witness. (29 Cyc. 920, and cases cited.)

The discretion of the court should be reasonably exercised so as not to injure the opposite party through surprise or otherwise. (38 Cyc. 1361, and cases cited.)

It is not negligence not to have discovered and produced evidence at the trial to refute evidence that was not pertinent to the issues or was contrary to his adversary's pleading, or of which he was not put upon notice by such pleadings. (29 Cyc. 895.)

"Where the court instructs a jury upon what state of facts they must find a verdict for a party, the instructions should include all the facts in the controversy material to the rights of the plaintiff or the defense of the defendant." (*Deasey v. Thurman,* 1 Ida. 775; *Johnson v. Fraser,* 2 Ida. 404 (371), 18 Pac. 48; *Gallagher v. Williamson,* 23 Cal. 331, 83 Am. Dec. 114; 38 Cyc. 1629, and cases cited.)

Instructions must be applicable to the evidence. (*Gwin v. Gwin,* 5 Ida. 271, 48 Pac. 295.)

McNamee & Harn, for Respondent.

The refusal of the trial court to reopen the case was no abuse of discretion. (*Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.)

A careful perusal of the entire charge given by the court in this case shows that the court charged the jury correctly as to the law in the case and on the theory of both plaintiff's causes of action and defendant's proffered defenses thereto, which is entirely proper in every given case. (*Keim v. Gilmore etc. R. Co.,* 23 Ida. 511, 131 Pac. 656; *Just v. Idaho Canal etc. Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Portneuf-Marsh etc. Irr. Co. v. Portneuf Irr. Co.,* 19 Ida. 483, 114 Pac. 19; *Knauf v. Dover Lbr. Co.,* 20 Ida. 773, 120 Pac. 157; *Breshears v. Callendar,* 23 Ida. 348, 131 Pac. 15.)

SULLIVAN, C. J.—This action was brought to recover on a written contract for the sale of automobiles and for damages for the alleged violation of the provisions of said contract. The complaint states two separate causes of action. By the first cause, plaintiff claims $1,328 as a balance due

and owing on the purchase price of a certain automobile, and in the second cause of action it claims damages in the sum of $3,100 as profit it would have made had defendant taken and paid for the automobiles alleged to have been purchased under said contract.

The defendant by his answer denied many of the allegations of the complaint and averred that the plaintiff was owing him on the automobile transactions in the sum of $582.50, together with interest from June 25, 1909, at the rate of seven per cent per annum, and demanded judgment against the plaintiff for that sum.

The cause was tried by the court with a jury and the jury found a verdict in favor of the plaintiff in the sum of $217.50, and judgment was entered on said verdict. The appeal is from the judgment and the order denying a new trial.

A number of errors are assigned and are based on the action of the court in admitting certain evidence over the objections of the plaintiff, in rejecting certain evidence offered by the appellant, in giving certain instructions to the jury and in overruling appellant's motion for a new trial.

By its complaint the plaintiff, who is appellant here, bases its action on a contract alleged to have been entered into between it and the respondent on August 19, 1909, which contract was dated July 1, 1909. By the provisions of said contract the respondent agreed to order, accept and pay for eight White automobiles on the terms and conditions stated in said contract, which automobiles were to be delivered before June 30, 1910.

By his answer the defendant denies the purchase of the automobiles, which is the basis of plaintiff's first cause of action, and also denies the execution of the contract, which is the basis of its second cause of action. In the affirmative part of the answer, defendant pleads that he purchased and paid for the automobile in full, which is the basis of the first cause of action, except the sum of $217.50. As to the second cause of action, defendant alleges that he was doing business with the plaintiff under a written contract dated May 15, 1909, and also alleges that said contract was thereafter renewed

(ratified) and continued on July 1, 1909, to and including June 30, 1910.

There were certain interlineations and erasures in the contract kept by the defendant which were not contained in the contract sued on, and on the trial the defendant testified that those interlineations were made by one of the agents of the plaintiff, to wit, Condon.

The case turned upon the question as to what particular instrument the business referred to was done under; whether under the instrument sued on, which is appellant's "Exhibit D," or the instrument which is respondent's "Exhibit 4." This latter instrument contains certain interlineations and erasures.

After a careful examination of the evidence, we are satisfied that the defendant did not enter into the contract sued upon (appellant's "Exhibit D"); that the parties' minds never met on the provisions of said contract, but that defendant did the business under the provisions of the contract, respondent's "Exhibit 4."

On the motion for a new trial, affidavits of D. J. Condon, T. J. Rochford and Gosta Axelson were presented and Condon deposed that he never sent any purported contract signed by Means to the company for its approval, and did not leave any copy of a contract with Means in which the words in the first paragraph on the second page, to wit, "to order, accept and pay for" had been erased or scratched out, and on page 3 the following words "estimates only. Changed by Condon," were inserted; that if any such written words appeared upon any printed form of contract of the White Company left with Means, they were written by some person other than affiant.

Rochford deposed that he was called from Spokane to the city of Lewiston and there met Means; that he and Means opened negotiations for a new contract and Means wanted Garfield county in the state of Washington included in said contract, but that affiant advised him that if he inserted it, he thought the company would not accept such contract until it had eliminated "Garfield County"; that Means asked him

to include said county and see if the company would not permit him to work that county as open territory; that at said time Means gave him a check for $1,250 which was sent with the proposed contract to San Francisco; that at no time did affiant ever approve any form of contract or leave the same with Means wherein it appeared that Means was not to be liable for the cars ordered by him or where it appeared that the cars he was to take was an estimate only.

Axelson made two affidavits. In the first he stated that he had examined the words written in with pen and ink at the top of page 3 of the contract, to wit, "Estimates only. August 18, 1909," and that in his opinion such words were written on such contract by defendant Means. Axelson afterward made another affidavit in which he stated that in the interlineations in said contract above quoted he thought he saw a resemblance to the handwriting of defendant Means, and the signing of the first affidavit was through misapprehension on the part of affiant.

It is contended by counsel for appellant that the court erred in not granting a new trial on account of said newly discovered evidence as set forth in said affidavits, and also contended that plaintiff was taken by surprise because of the introduction of the contract marked "Exhibit 4," which contained said interlineations. Counsel for respondent stated on oral argument of this case and also in his printed brief that said "Exhibit 4" was delivered to the attorney for the plaintiff at his request, for his examination, months before the date of the trial, and that had he examined it he would have observed said interlineations and erasures at once, and that the signatures of D. J. Condon and T. J. Rochford were attached to said instrument, and that he was advised thereby of the necessity of taking depositions of Condon and Rochford, if he desired to do so, or have them present at the trial, long before the trial of the case.

The trial court evidently took that view of the matter and refused to grant a new trial on the ground of newly discovered evidence. We do not think the trial court abused its discretion in that regard.

The giving of certain instructions by the court is assigned as error. On an examination of all of the instructions given by the court, we think they fairly state the law applicable to the evidence admitted on the trial. We are also satisfied that the court did not commit any reversible error on account of not receiving certain evidence offered by the plaintiff.

Finding no reversible error in the record, the judgment of the trial court must be affirmed, and it is so ordered, with costs in favor of respondent.

Budge and Morgan, JJ., concur.