(January 8, 1916.)

J. G. LAWRENCE, Appellant, v. MOISE CORBEILLE, and H. GILLIS, Guardian of the Person and Property of MOISE CORBEILLE, Respondents.

[154 Pac. 495.]

FINDINGS OF FACT, CONCLUSIONS OF LAW, DECREE FILED — CHANGE — MODIFICATION—TRIAL COURT—NEW TRIAL.

   1. After findings of fact, conclusions of law and decree have been made and filed and judgment thereon entered, they can be changed or modified by the trial court, except in respect of mere clerical errors, only by the granting of a new trial.

   2. Where findings of fact, conclusions of law and decree have been made and entered by the trial court, and recorded, in favor of one of the parties to the action, it is reversible error for the court, upon motion for a new trial, and of its own motion, to set aside the previous judgment entered and substitute new findings of fact, conclusions of law and a decree in favor of the other party, without granting a new trial.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to quiet title. Judgment for defendants. *Reversed.*

G. H. Martin and Chas. L. Heitman, for Appellant.

The district court did not have the right to vacate and set aside the findings of fact, conclusions of law and decree made

and filed April 10, 1915, and immediately make new findings of fact, conclusions of law and decree without granting or having a new trial of the issues in the case. (*Mitchell v. Hackett*, 14 Cal. 661; *Wunderlin v. Cadogan*, 75 Cal. 617, 17 Pac. 713; *Hawxhurst v. Rathgeb*, 119 Cal. 531, 63 Am. St. 142, 51 Pac. 846.)

E. W. Wheelan, for Respondents, cites no authorities on points decided.

BUDGE, J.—This action was brought to quiet title to the southeast quarter of the northwest quarter and the east half of the southwest quarter and the southwest quarter of the southeast quarter of sec. 18, twp. 56 N., range 2 E., Boise Meridian, and to recover possession of said land.

Defendants answered the complaint denying all the material allegations therein, and filed a cross-complaint alleging title in the defendant Corbeille. Thereafter plaintiff filed an answer to defendants' cross-complaint denying the ownership of the defendant, but admitting that the land was owned by defendant at all times prior to January, 1907, at which time plaintiff alleged said land was assessed for taxes for the year 1907, which taxes for said year were unpaid and became delinquent in January, 1908; that said land was sold on July 10, 1908, to Bonner County; that on December 8, 1908, Bonner county sold and assigned the tax sale certificate to plaintiff; that no redemption was made from said tax sale, and that on November 8, 1912, Defenbach, the then duly elected, qualified and acting assessor and *ex-officio* tax collector of Bonner county, executed and delivered to plaintiff a tax deed for said premises which was recorded in Bonner county.

Defendants filed a demurrer to the answer to the cross-complaint which was overruled. Thereafter defendants amended their answer by setting up the failure of the taxing officer of Bonner county to enter the extension of taxes on said land for 1908, in red ink, and the failure of the plaintiff to give notice of application for tax deed as required by

sec. 27, chapter 8, Sess. Laws 1912; and further alleged redemption of said land from the tax sale of 1908, by payment to the treasurer of Bonner county, and an offer to repay the sums of money expended by plaintiff together with the statutory interest; and that the defendant Corbeille was at all times mentally incompetent to transact business.

Plaintiff thereupon filed an amendment to his answer to the cross-complaint, and pleaded the decision of this court in the case of *Lawrence v. Defenbach* (23 Ida. 78, 128 Pac. 81), which was an action brought by plaintiff against Defenbach as *ex-officio* tax collector, requiring him to execute a tax deed as such officer to the plaintiff. To this amendment to the answer to the cross-complaint, the defendants demurred and their demurrer was overruled.

Trial was then had and in support of his case plaintiff offered in evidence the tax deed to which reference has heretofore been made. Defendants objected to the admission of this deed in evidence upon the ground that the proof failed to show a compliance with the provisions of sec. 27, chapter 8, Sess. Laws 1912, requiring service of notice upon the occupant of the land at the time the application is made for the deed. This objection was overruled and the deed admitted in evidence, whereupon plaintiff rested his case.

Defendants then offered oral and documentary evidence, and plaintiff offered testimony in rebuttal, and the cause was taken under advisement by the court.

On April 10, 1915, the court made its findings of fact and conclusions of law and entered a decree in favor of plaintiff, which was duly recorded. On April 19, 1915, defendants filed and served motion for new trial specifying several grounds in support of the motion. On May 29, 1915, the court entered an order setting aside the findings of fact, conclusions of law and the decree theretofore made and entered in favor of plaintiff and, of its own motion and without granting a new trial, made and filed findings of fact, conclusions of law and a decree in favor of defendants, quieting title in defendant Corbeille to the land in controversy. This is an appeal from the latter judgment.

Appellant presents five assignments of error. We think, however, it will only be necessary for us to consider the first, viz., the action of the court in vacating and setting aside the findings of fact, the conclusions of law and decree in favor of plaintiff first filed and recorded on April 10, 1915, and making and filing new findings of fact, conclusions of law and decree in favor of defendants on May 29, 1915, without granting a new trial.

The former judgment quieted title to the land in controversy in plaintiff; the latter judgment quieted title to the same land in defendant. The court did not pass upon the motion for a new trial, and for aught we know the same is still pending.

From the record we might be justified in reaching the conclusion that the court set aside the findings of fact, conclusions of law and decree rendered and entered in the first instance when its attention was called, upon the motion for a new trial, to what it considered was a fatal defect in the execution of the deed by Defenbach on November 8, 1912, who, at that time, was not *ex-officio* tax collector of Bonner county by reason of the fact that the county treasurer was *ex-officio* tax collector under the amendment to sec. 6, art. 18, of the constitution, which amendment was adopted by the electors of the state on the fifth day of November, 1912— three days prior to the execution of the deed in question. (*Cleary v. Kincaid,* 23 Ida. 789, 131 Pac. 1117.)

That the court had the power to vacate and set aside the findings of fact, conclusions of law and decree rendered and recorded in favor of plaintiff on April 10, 1915, and to grant a new trial, will not be seriously questioned, but any further action on the part of the court was beyond its jurisdiction. And when the court of its own motion made findings of fact, conclusions of law and a decree in favor of defendants without granting a new trial, it was clearly error.

Sec. 4439, Rev. Codes, provides: "The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the follow-

ing causes, materially affecting the substantial rights of such party: . . . .

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law."

The court having reached the conclusion that the tax deed offered in evidence by plaintiff, and relied on by him to establish his right to have title to the land in question quieted in him and to be placed in possession of the same, was executed by an officer without authority of law and insufficient in and of itself to support the judgment, it then became its clear duty to grant a new trial, for the reason that the evidence was insufficient to support the judgment. But to anticipate that the plaintiff upon a new trial would be unable to furnish additional evidence which would be sufficient to entitle him to recover and to afford him no opportunity to offer such proof, is without authority of law and contrary to the rules of practice in this state.

It was held in the case of *Pico v. Sepulveda,* 66 Cal. 336, 5 Pac. 515; "When the findings of fact by a court are erroneous in any respect, the appropriate proceeding to have them set aside is a motion for a new trial."

In the case of *Prince v. Lynch,* 38 Cal. 528, 99 Am. Dec. 427, the court said: "We know of no provision of the Practice Act authorizing the court to re-examine the evidence upon the motion of one of the parties, after it has once filed its findings and rendered judgment, and on such re-examination to reverse its former action and substitute different findings of fact. . . . . The mode provided for reviewing its former action by the same court, as to the sufficiency of the evidence to justify the findings, is by motion for new trial."

In the case of *Hawxhurst v. Rathgeb,* 119 Cal. 531, 63 Am. St. 142, 51 Pac. 846, that court held: "After findings have been filed, and judgment entered thereon, there is but one method by which those findings can be competently changed or modified, except, perhaps, in respect of a mere clerical error or misprision; and that is the mode pointed out by the statute—by the granting of a new trial. Until the find-

ings are thus set aside, they must, under our present system, stand in their integrity as originally made.''

In the case of *Wyllie v. Kent, ante,* p. 16, 152 Pac. 194, this court lays down the following rule:

''It is a well-established rule that where, through mistake, there has been a failure to enter the judgment pronounced, the court has power to correct the matter and to order the proper entry made. Clerical mistake can be corrected in this manner, but judicial errors can only be remedied by motion for a new trial or upon appeal.''

In the case of *Wunderlin v. Cadogan,* 75 Cal. 617, 17 Pac. 713, it appeared that the case was tried and findings of fact signed and filed. No judgment was entered thereon. Upon such findings, all of the defendants were entitled to judgment. Subsequently, upon the consent of some of the defendants, but without notice to the others, the court set aside the findings first filed and substituted others in their place, and the clerk was instructed not to enter judgment under the original findings, as the same were made under a misapprehension. Judgment was entered on the last set of findings in favor of the defendants who consented to the change of the findings and against those who were not notified of such change. It was said by the supreme court in that case: ''It is to be observed that what the court did in the first instance was not merely to supply an omission in the findings first filed, or change the direction for judgment, but was to substitute one set of findings of fact for another. This we are inclined to think the court had no power to do. . . . . These rules rest upon the theory that the modes in which a decision may be reviewed are prescribed by statute, and that the court has no power to substitute other modes in their place.''

Counsel for defendants in this case, after the findings of fact, conclusions of law and decree had been entered up in favor of plaintiff, made a motion in due course for a new trial, in which he sought to have the court vacate and set aside its findings of fact, conclusions of law and decree theretofore entered, and to grant to the defendants a new trial,

upon the various grounds set forth in the motion. The motion for a new trial did not authorize the trial court to re-examine the evidence offered by defendants in support of their defense in the trial of the cause, and upon the evidence so adduced, of its own motion, to enter up findings of fact, conclusions of law and a decree in favor of defendant.

From what has been said it follows that the judgment of the trial court in favor of respondents must be reversed and the cause remanded, with directions to the trial court to grant a new trial, and it is so ordered. Costs are awarded to appellant.

Sullivan, C. J., and Morgan, J., concur.