(January 10, 1920.)

W. M. DUTHIE, Appellant, v. N. R. SHEPHERD, Respondent.

[186 Pac. 919.]

WAREHOUSEMAN—SUFFICIENCY OF EVIDENCE—MISCONDUCT OF COUNSEL—NEW TRIAL.

1. Where there is substantial evidence to sustain the verdict, it will not be set aside because of insufficiency of the evidence.

2. *Held,* the record fails to show prejudicial misconduct on the part of counsel for respondent.

3. Under C. S., sec. 6126, the burden rests upon a warehouseman to establish the existence of a lawful excuse for refusal to deliver goods upon demand of the depositor, if such demand is accompanied by an offer to satisfy the warehouseman's lien; to surrender receipt, if negotiable, properly indorsed, together with a readiness

and willingness to sign, when the goods are delivered, an acknowledgment that they have been delivered if such signature is requested by the warehouseman; and where a warehouseman claims title to the goods through purchase before commencement of the action, evidence of such demand after the commencement of the action is properly received.

4. Newly discovered evidence must be material in order to be a basis for a new trial.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action on account. Judgment for defendant on counterclaim. From the judgment and order overruling motion for new trial, plaintiff appeals. *Affirmed.*

G. C. Hoyt and Orland & Lee, for Appellant.

The verdict is so manifestly unsupported by the weight of the evidence as to suggest that it was rendered through bias or prejudice. (*Goldstone v. Rustemeyer,* 21 Ida. 703, 706, 123 Pac. 635.)

"A party alleging an affirmative defense has the burden of proving it." (*Prince v. Kennedy,* 3 Cal. App. 404, 85 Pac. 859; *McCormick v. Sadler,* 11 Utah, 444, 40 Pac. 711.).

Suppiger & Ogden, for Respondent.

This court will not disturb the verdict of a jury or the judgment of a trial court because of conflict in the evidence, when there is sufficient proof, if uncontradicted, to sustain it. (*Raft River Land & L. Stock Co. v. Laird,* 30 Ida. 804, 168 Pac. 1074; *Montgomery v. Gray,* 26 Ida. 583, 144 Pac. 646; *Graham v. Coeur d'Alene & St. Joe Transp. Co.,* 27 Ida. 454, 149 Pac. 509; *Bower v. Moorman,* 27 Ida. 162, Ann. Cas. 1917C, 99, 147 Pac. 496; *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114; *John V. Farwell Co. v. Craney,* 29 Ida. 82, 157 Pac. 382; *Sweeten v. Ezell,* 30 Ida. 154, 163 Pac. 612.)

"Judgment should never be reversed for misconduct of counsel unless the appellate court is of the opinion such mis-

conduct had prevailing influence upon the jury, to the detriment of the appellant.'' (*Theriault v. California Ins. Co.,* 27 Ida. 476, Ann. Cas. 1917D, 818, 149 Pac. 719.)

Motion for new trial upon the ground of newly discovered evidence is properly denied where such newly discovered evidence is cumulative. (*Knollin & Co. v. Jones,* 7 Ida. 466, 63 Pac. 638; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.)

RICE, J.—Appellant brought this action to recover a balance due on account. The respondent with his answer filed a counterclaim, wherein it was alleged that appellant was a warehouseman; that respondent delivered to appellant at his warehouse certain baled hay; that on the twenty-first day of July, 1917, which was after the commencement of the action, respondent served upon appellant a written demand, and offered in writing to pay all sums due and satisfy any lien or liens which appellant had upon the hay, and properly indorse and surrender up the receipts, but that appellant refused to deliver to respondent the hay or any part thereof, and that prior to the commencement of the action appellant had converted the hay to his own use.

Appellant contends that the evidence is insufficient to sustain the verdict. This court cannot examine the record to determine which party has produced the preponderance of the evidence. There was substantial evidence to sustain the verdict.

Appellant complains of misconduct on the part of respondent's counsel. Appellant while a witness had given evidence of a conversation between himself and respondent, in which proposals were made to effect a compromise. Respondent's counsel asked the following question:

''Q. That was after Mr. Shepherd had recovered a judgment for $220 against you in the lower court in this case?''

The court sustained an objection to the question, and upon its own motion struck out and directed the jury not to consider any evidence relative to proposals for a compromise.

In view of the testimony which appellant had given on the stand, we cannot say that the question was improper. Respondent had a right to inquire as to the circumstances surrounding the attempt to effect a compromise. Moreover, the action of the judge was sufficient to cure any prejudice to appellant which may have resulted from the question.

Appellant contends that the court erred in giving the jury the following instruction:

"The burden of proof is upon the defendant in this case to prove the plaintiff got the amount of hay he alleges, and the plaintiff doesn't deny the amount of hay, the amount of tons that he got, or that it was number one hay, and that it was left in the warehouse of the plaintiff. When the defendant has proven that fact—and that is admitted—then the burden of proof is upon the plaintiff to show that he purchased the hay, that he did make this contract; and you must determine from the evidence whether this agreement was made, because if the agreement was made, the hay being in the warehouse of Mr. Duthie, that made a binding contract, and both parties must be bound by it, regardless of whether the hay afterwards went up or not."

C. S., sec. 6126, provides that the burden shall be upon the warehouseman to establish the existence of a lawful excuse for refusal to deliver goods upon demand of the depositor, if such demand is accompanied with an offer to satisfy the warehouseman's lien, and to surrender the receipt, if negotiable, properly indorsed, together with a readiness and willingness to sign, when the goods are delivered, an acknowledgment that they have been delivered, if such signature is requested by the warehouseman.

The evidence shows that such demand was made by the respondent, and the burden was therefore upon the warehouseman to show why he failed to deliver. It is true this demand was made upon appellant by respondent after the commencement of the action, but appellant's position had not changed after the beginning of the action. He claims to have purchased the hay before that time, and in his statement of

account, contained in his complaint, credit was given for the hay. His failure to deliver the hay before the commencement of the action was not due to want of a demand accompanied by the offers required by statute.

Evidence of the demand was properly received, and the instruction as to the burden of proof was not error.

Independently of the statute, it appears to be the rule by the weight of authority that when one proves delivery of goods to a warehouseman, and a failure to redeliver the same upon demand, it devolves upon the warehouseman to explain his failure to return the goods. (40 Cyc. 470 et seq.; *Schwerin v. McKie et al.*, 51 N. Y. 180, 10 Am. Rep. 581; *Williamson v. New York, N. H. & H. R. Co.*, 4 N. Y. Supp. 834; *Taussig v. Bode & Haslett*, 134 Cal. 260, 86 Am. St. 250, 66 Pac. 259, 54 L. R. A. 774.)

The motion for a new trial was properly overruled. The newly discovered evidence urged as a basis for the motion related to a matter that was immaterial.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Budge, J., concur.

(February 5, 1920.)

ON PETITION FOR REHEARING.

RICE, J.—A petition for rehearing has been filed in this case, in which it is urged, among other things, that the instruction as to burden of proof which was commented upon in the original opinion is erroneous, in that the court should have instructed the jury that the depositor must prove the demand provided for in C. S., sec. 6126, as a condition precedent to casting the burden of proof upon the warehouseman; also that respondent failed to prove that he made a demand, accompanied by the offers required by the statute.

No doubt, in the ordinary case which would arise, the statutory demand is one of the things which must be established

before the burden of proof shifts to the warehouseman, but in this case the failure to include this element in the instructions was not error.    In addition to the reason given in the original opinion for upholding the instruction, we are of the opinion that appellant, by claiming title to the hay through purchase at the time of its delivery to him, in effect waived the necessity for the statutory demand as a prerequisite to his assuming the burden of proof.

The petition will be denied.

Morgan, C. J., and Budge, J., concur.