(No. 5124. January 8, 1929.)

COMMERCIAL CREDIT COMPANY, a Corporation, Appellant, v. ARTHUR ERUM, Respondent.

[273 Pac. 759.]

Lynn W. Culp, for Appellant.

E. H. Berg, for Respondent.

BUDGE, C. J.—Respondent had been in the employ of one Hamilton as an automobile mechanic. He brought suit against Hamilton upon a claim for wages due and a note delivered to his mother and by her assigned to him. An automobile which Hamilton had had in his possession was attached by respondent to satisfy judgment obtained against Hamilton, and the car was bid in at sheriff's sale for respondent. Appellant brought the present action against respondent to recover possession of the car, claiming ownership thereof by reason of an arrangement with Hamilton under which it retained title to automobiles delivered to him for sale.

Hamilton testified as a witness for respondent that a representative of appellant had come to him demanding money due on cars which he had received, stating, according to Hamilton, that he wanted either the money or security for it. Hamilton then agreed to execute a note for the amount owing, secured by a mortgage on certain real property, and this was accepted. It was shown that suit had been instituted by appellant to foreclose the mortgage given by Hamilton, who testified that he contested the suit because of an allegation in the complaint that the mortgage had been given as additional security for the automobiles received from appellant. The evidence as to Hamilton's settlement with appellant was not refuted. In its instructions to the jury the court covered this issue sufficiently to enable the

jury to pass upon the question of whether the note and mortgage were given and taken in satisfaction of the debt owing by Hamilton, and by their verdict in favor of respondent the jury found that appellant had accepted the obligations to cover the amount owing by Hamilton and had thereby waived the right to pursue the property. We are not in a position to disturb the jury's finding on this question of fact.

The judgment is affirmed. Costs to respondent.

Wm. E. Lee, Givens and Taylor, JJ., and Hartson, D. J., concur.