174 P.2d 206

POULSEN et al. v. NEW SWEDEN IRR. DIST.

No. 7315.

Supreme Court of Idaho.

Nov. 4, 1946.

178

A. A. Merrill, of Idaho Falls, for appellants.

Paul T. Peterson and St. Clair & St. Clair, all of Idaho Falls, for respondent.

MILLER, Justice.

The plaintiffs and appellants, Joseph Poulsen and Glen Poulsen, prior to and at the time of the institution of this action, were farmers, owning approximately 170 acres of land, 100 acres of which was under cultivation and the greater portion thereof in 1945 was planted to potatoes. Said land is situate in what is called the New Sweden Irrigation District, Bonneville County, Idaho. The Great Western Canal, owned and operated by the New Sweden Irrigation District, the defendant and respondent herein, runs along the northerly and westerly part of appellants' land and from which the appellants and numerous other farmers in the New Sweden Irrigation District are supplied with water for the purpose of irrigating their respective farms. Said canal is higher than the level of appellants' land.

On July 12, 1945, said canal suffered a break and the water therein and therefrom flooded over appellants' land and other farms in that vicinity. At the time of said break, said canal was carrying approximately 16,000 inches of water. At the time the canal broke, appellants had planted 93 acres of potatoes and some 70 acres thereof were flooded. The transcript of this case is very voluminous, consisting of 700 pages. Immediately following the break of the canal and the flooding of July 12, 1945, the New Sweden Irrigation District Board appointed three appraisers to estimate the damage occasioned as a result of the flooding of appellants' premises. All of said appraisers were potato growers of considerable experience. After an examination of appellants' farm, the appraisers submitted their estimates of damage to the land, potatoes and the potato cellar belonging to appellants. The average of those estimates was increased by respondent in an amount of approximately $400 and the appellants accepted from respondent the sum of $3,500, which amount was receipted for in full settlement for the damage sustained to appellants' land, potatoes and potato cellar as a result of the flooding of July 12, 1945.

On August 25, 1945, the canal bank again broke at about the same place as formerly, and the water therefrom flooded practically the same acreage as had been covered by the first flooding. The respondent appointed the same three appraisers to estimate the damage occasioned by the second flooding, and the average estimate submitted by said appraisers was in the sum of $1,433.33. The respondent offered appellants $1,000 on account of the damage sustained, which amount the appellants refused to accept, and later respondent offered appellants $2,000. Appellants again refused to accept the latter offer of $2,000, and on December 10, 1945, instituted this action by filing their complaint, consisting of three causes of action in aggregate sum of $8,600, together with interest and costs. The case was tried by the court and a jury and continued for a period of four days. February 10, 1946, the cause having been submitted, the jury returned its verdict in favor of appellants and against respondent in the aggregate sum of $2,000, being $750 on the first cause of action, $1,000 on the second cause of action, and $250 on the third cause of action. February 10, 1946, the court made and entered judgment on the verdict in the sum of $2,000 with interest at 6% per annum and costs and disbursements in the sum of $123.90. March 11, 1946, appellants served and filed notice of appeal. The appeal is from the judgment.

It will be observed that the damage sustained as a result of the flooding of July 12, 1945, is not here involved, as the amount therefor was satisfactorily adjusted and settled. There seems to be no objection to the nature of the testimony. Apparently appellants are dissatisfied with the amount found for them by the jury in that it did

not fairly compensate appellants for the damage claimed to be sustained.

The first assignment of error (p. 7 of Appellants' Brief) states: "The court erred in entering judgment on the verdict, F. 2033, for each of the reasons set forth in assignment of error No. 2."

About all that can be gathered from the above observation is that appellants contend that the court should have concluded that the amount expressed in the verdict did not fairly compensate appellants, and, accordingly, should have refrained from entering judgment on the verdict.

There is a sharp conflict in the testimony. Purported assignment No. 2 states:

"The verdict of the jury, F. 2023 and the judgment F. 2033 are against the weight of evidence and not supported by the evidence and contrary to the law of the case and the instructions given by the court for the following reasons:

"A. The court instructed the jury that it was the jury's duty if they found for the plaintiffs, to return a verdict for the plaintiffs in such an amount as will fairly compensate them for the loss sustained. F. 1932. The jury found for the plaintiffs but failed to return a verdict that would fairly compensate the plaintiffs as the Court had instructed them so to do. F. 1932. * * *,"

Proceeding under paragraph "B", it is asserted that the court instructed that if the jury found for plaintiff on their second and third causes of action, they should add 6% interest on such amount from the time of such injury, and, furthermore, that the jury did not allow interest on the amounts found in favor of appellants on said causes of action. It is then asserted under paragraph "C" that the evidence justly and fairly shows that there were 14 acres of potatoes wholly destroyed as the result of the break in the canal and that under respondent's testimony alone, if taken to be true, the said 14 acres of potatoes were totally destroyed and would have averaged at least 100 sacks to the acre, netting plaintiff over $1,400. Under paragraph "D" it is stated that the evidence shows that the balance of the crop damaged by the flood other than the 14 acres above referred to and amounting to 56 acres was $75 per acre, which would have been approximately $4,300.

■ Apparently it was thought that it was the province and duty of the court to see to it that the jury returned a verdict in such an amount as would be perfectly satisfactory to the appellants. Just what the amount should be or how the court would ascertain that fact or the manner and method of accomplishing the same is not shown by the record, nor has it been suggested by appellants. It is elementary that in determining a question of fact, such as here involved, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony.

■ Under Citations and Authorities (p. 9 of appellants' brief) counsel includes three separate questions, presumably in

support of his contention, and all of which, with a long list of authorities cited in support thereof, are taken from the brief of appellant in the case of Jones v. Bartlett, 36 Idaho 434, 211 P. 555. Said quotations and authorities are not referred to nor mentioned in the decision. We have no criticism relative thereto, but mention the matter for the purpose of showing that the same are inapplicable in the instant case. The last quotation is as follows: "A new trial should be granted where the alleged insufficiency of the evidence is convincingly shown."

. The rule announced in the said quotations and the authorities supporting same relate to instances wherein a motion for new trial was made and acted upon. In the instant case no motion for a new trial nor other proceedings were ever made nor urged. At page 692 of the clerk's certificate, we find the following: "That no motion for a new trial has been made or filed in said cause." In the case of Idaho Gold Dredging Corporation, a corp., v. Boise Payette Lumber Co., a corp., et al., 64 Idaho 474, 133 P.2d 1017, 1019, this court has said: "Hence, if the verdict of the jury against appellant is supported by substantial and competent evidence, the verdict will not be disturbed. (Pennsylvania Casualty Co. v. Whiteway, 9 Cir., 210 F. 782, 127 C.C.A. 332; Gem State Sales Co. v. Rudin Bros., 55 Idaho 299, 41 P.2d 614; Reinhold v. Spencer, 53 Idaho 688, 26 P.2d 796; Lightner v. Russell & Pugh Lumber Co., 52 Ida-

ho 616, 17 P.2d 349; Independent Gas & Oil Co. v. T. B. Smith Co., 51 Idaho 710, 10 P.2d 317; Kralick v. Shuttleworth, 49 Idaho 424, 289 P. 74; Commercial Credit Co. v. Erum, 47 Idaho 215, 273 P. 759; Big Springs Land & Live Stock Co. v. Beck, 45 Idaho 509, 263 P. 477; Cooper v. Oregon Short Line R. [R.] Co., 45 Idaho 313, 262 P. 873; Duthie v. N. R. Shepherd, 32 Idaho 633, 186 P. 919; [The] White Co. v. M. A. Means, 28 Idaho 158, 152 P. 1050; J. L. Baker v. First Nat. Bank of Caldwell, 25 Idaho 651, 139 P. 565; Johnson v. Fisher, 23 Idaho 561, 131 P. 8; Seawell v. Pacific Etc. Ry. Co., 21 Idaho 277, 121 P. 556.)"

And in the case of Maw v. Coast Lumber Co., 19 Idaho 396, 114 P. 9, 14, in discussing the sufficiency of the evidence to support the verdict, it is said: "'Where the evidence on an issue is such that reasonable minds may differ in their conclusions drawn from it, the verdict of the jury must be taken as conclusive.'" (Citing authorities.)

Counsel for appellants has not in his brief, nor did he in the oral argument, refer to the statutory provisions providing for a new trial. He repeatedly asserted, however, that it was a "test case" to determine whether or not the verdict is sufficient under the facts, and in that connection says: "The only question before this Court is whether or not the verdict of the jury is sufficient under the facts of this case," and that "The court erred in entering judgment on the verdict." The judgment on the ver-

dict was made and entered on February 10, 1946, the same day the verdict was returned.

Under the provisions of Section 7-608, I.C.A.: "The verdict of a jury may also be vacated and a new trial granted by the court in which the action is pending on its own motion, without the application of either of the parties when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions or under the influence of passion or prejudice. * * *"

In the case of Lawrence v. Corbeille, 28 Idaho 329, 154 P. 495, 497, this court, in discussing a similar condition, quotes with approval from the case of Prince v. Lynch, 38 Cal. 528, 99 Am.Dec. 427, wherein it is said: " 'We know of no provision of the Practice Act authorizing the court to re-examine the evidence upon the motion of one of the parties, after it has once filed its findings and rendered judgment, and on such re-examination to reverse its former action and substitute different findings of fact. * * * The mode provided for reviewing its former action by the same court, as to the sufficiency of the evidence to justify the finding, is by motion for new trial.' "

And, in quoting with approval from the case of Hawxhurst v. Rathgeb, 119 Cal. 531, 51 P. 846, 63 Am.St.Rep. 142, it is said: " 'After findings have been filed, and judgment entered thereon, there is but one method by which those findings can be competently changed or modified, except, perhaps, in respect of a mere clerical error or misprision, and that is the mode pointed out by the statute,—by the granting of a new trial. Until the findings are thus set aside, they must, under our present system, stand in their integrity as originally made.' "

In the case of Merchants' Protective Ass'n v. Jacobson, 33 Idaho 387, 195 P. 89, 90, after quoting C.S. sec. 6893, section 7-608, I.C.A., it is said: "In order to justify a district court in setting aside a verdict on its own motion, it must appear plainly and palpably that the jury disregard either the evidence or the instructions of the court. The court has this power only where the error of the jury is such as to be at once apparent. (Townley v. Adams, 118 Cal. 382, 50 P. 550; Mizener v. Bradbury, 128 Cal. 340, 60 P. 928; Gould v. Duluth etc. Co., 2 N.D. 216, 50 N.W. 969.) Such cannot be the case where the court's instructions leave the jury a free agent to find the facts one way or the other. ( Eades v. Trowbridge, 143 Cal. 25, 76 P. 714.) * * *." (See also, Boam et al. v. J. C. Sewell, 40 Idaho 524, 234 P. 153.)

In the instant case it does not appear that the verdict of the jury plainly and palpably disregarded either the evidence or the instructions of the court, and inasmuch as the court's instructions left the jury a free agent to find the facts one way or the other, it is not within the power of the

court to vacate the verdict of a jury and grant a new trial on its own motion without the application of either of the parties, when there has been no plain disregard by the jury of the instructions of the court nor disregard of the evidence in the case so as to satisfy the court that the verdict was rendered under a misapprehension of the instructions or under the influence of passion and prejudice. No motion for a new trial having been made, and it appearing that the instructions of the court left the jury a free agent to find the facts one way or the other, it was not error on the part of the trial court in failing to vacate and set aside the verdict and grant a new trial.

The judgment of the trial court is affirmed. Costs to respondent.

BUDGE, GIVENS and HOLDEN, JJ., and PORTER, D. J., concur.