**Nos. 3017 and 3018**

**Second Circuit**

———

**GUILLOT v. T. & P. RAILWAY CO.**

———

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)
(May 6, 1928. Writs of Certiorari and Review denied by Supreme Court.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Railroads—Par. 62.**

It is negligence for a railroad company to operate a locomotive and train of cars over a public road at grade crossing without keeping the bell ringing or the whistle blowing continuously from the time the locomotive reaches a point three hundred yards from the crossing until after it has passed the crossing.
Act No. 12 of 1924.

2. **Louisiana Digest—Railroads—Par. 63, 64.**

It is settled jurisprudence in Louisiana that before attempting to cross a railroad track in a vehicle the driver of the vehicle should stop, look and listen for approaching trains and that he should stop and observe from a point where he can see trains approaching from either direction on the track, and that his failure to do so is negligence and will bar the recovery of damages.
Gibbens vs. N. O. Terminal Co., 159 La. 347, 105 So. 367.
Sullivan vs. Tremont & Gulf Ry. Co., 4 La. App. 358.
Andrepont vs. T. & P. Ry. Co., 5 La. App. 625.
B. & O. R. Co. vs. Goodman, — U. S. —.

3. **Louisiana Digest—Negligence—Par. 29; Railroads—Par. 76.**

A boy 5 years, 8 months and 21 days old is prima facie incapable of being guilty of contributory negligence.
Westerfield vs. Levis Brothers, 43 Ann. 63, 9 So. 52.

4. **Louisiana Digest—Negligence—Par. 38, 41.**

Where the tender age of a child renders it doubtful whether he has the mental capacity to be guilty of contributory negligence, that he has such capacity must be alleged and proved.
Westerfield vs. Lewis Brothers, 43 Ann. 63, 9 So. 52.

5. **Louisiana Digest—Negligence—Par. 20.**

The contributory negligence to defeat a right of action must be that of the person injured.
McGinn vs. McCormick, 109 La. 396, 33 So. 382.

Appeal from the Twelfth Judicial District Court, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by Teska Guillot, Senior, individually and on behalf of Teska Guillot, Junior, against Texas & Pacific Railway Company and Teska Guillot, Senior, and wife against Texas & Pacific Railway Company.

Cases consolidated.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed except as to cost in case of Teska Guillot, Senior, individually and for and on behalf of his minor son, Teska Guillot, Junior, but reversed in case of Teska Guillot, Senior, and Mrs. Naomie Roy Guillot against Texas & Pacific Railway Company.

Bordelon & Norman, of Marksville, attorneys for plaintiffs, appellees.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. These two suits grow out of a collision at a public grade crossing between a train owned and operated by defendant, Texas & Pacific Railway Company, and a wagon drawn by a mule, belonging to plaintiff, Teska Guillot, Senior, in which wagon were his two sons, Samuel Guillot, aged about thirteen years, and Teska Guillot, Junior, aged about six years. Samuel Guillot was killed and Teska Guillot, Junior, severely injured in the accident. In suit No. 3017 plaintiff, Teska Guillot, Senior, sues for $10,000.00 for the use and benefit of his son, Teska Guillot, Junior, and for $200.00 for medical attention and other expenses caused him by the accident, and in suit No. 3018 he and his wife sue for $25,575.00 for the death of Samuel Guillot.

Plaintiffs allege negligence on the part of defendant in that it failed to ring the bell or blow the whistle on the locomotive that collided with the wagon and that it permitted Johnson grass and other weeds to grow upon its right-of-way at and near the point of collision, which weeds prevented the boys from seeing the approaching train.

Defendant denied liability and denied the acts of negligence alleged and pleaded that the boys failed to stop, look and listen before driving upon the railroad track and that had they done so they would have seen and heard the train and the collision would have been averted, and averred that this was negligence on their part and barred recovery.

The cases were consolidated in the District Court for the purpose of trial, and the cases tried on these issues.

Plaintiff was awarded judgment for $5700.00 in suit No. 3017, of which $5500.00 is for the use and benefit of Teska Guillot, Junior, and $200.00 for his own use and benefit, and judgment for $8575.00 in suit No. 3018. Defendant appealed from both judgments.

## OPINION

The District Judge rendered a written opinion covering both cases, but a separate judgment was signed in each case. As the facts in both cases are almost identical, we shall treat the cases as one and dispose of both in one opinion and judgment.

The evidence is conflicting as to whether the bell on the locomotive was rung or the whistle blown when the train approached the crossing. Our learned brother of the District Court was of the opinion that the whistle was not blown nor the bell rung, and in our opinion the evidence makes it certain that the bell was not rung nor the whistle blown continuously from the time that the locomotive reached a point three hundred yards from the crossing until it had passed the crossing. We are also of the opinion that the defendant permitted its right-of-way at the

crossing to grow up in Johnson grass and other weeds and that this also was negligence.

Defendant contends that plaintiff is barred from recovery in both suits by contributory negligence on the part of the two boys, in failing to stop, look and listen for trains before going upon the track.

The evidence shows that Samuel Guillot, the boy that was killed, was driving a one-mule wagon in which his brother, Teska Guillot, Junior, also was riding. It was in the day time and the mule was being driven at a walk.

The engineer in charge of the locomotive A. Rodrigues, testified, pages 309 and 310, to the effect:

"Q. Was it good day-light?
"A. Yes, sir, it was good day-light.
            *    *    *    *

"Q. How far were you from this crossing when you saw these boys approaching it?
"A. About two hundred feet.
            *    *    *    *

"Q. Before you reached the crossing, had the mule reached the track—when you first saw it, was the mule on the track?
"A. It was about to get on the track.
"Q. When you first saw it?
"A. It was about eight feet from the track when I first saw it.
"Q. Did the mule ever stop until it was struck?
"A. No, sir.
"Q. Went right up on the crossing?
"A. Yes, sir."

The deceased boy, Samuel Guillot, could have seen and heard the train at least two hundred feet before it reached the crossing and at least eight feet before the mule harnessed to the wagon reached the track; and as the mule was being driven at a walk the deceased, in our opinion,

was guilty of the grossest kind of negligence in permitting the mule to walk upon the track immediately in front of a fast moving train, and this negligence bars plaintiff's right to recover damages for his death, notwithstanding the negligence of defendant.

The defendant was negligent in failing to ring the bell, or blow the whistle on the locomotive continuously from the time the locomotive reached a point three hundred yards from the crossing and in allowing Johnson grass and other weeds to grow upon its right-of-way which obscured the vision up and down the track of any one approaching the track.

The evidence shows that Teska Guillot, Junior, was only five years, eight months and twenty-one days old at the time of the accident and was therefore incapable of being guilty of negligence. The negligence of the driver of the wagon, Samuel Guillot, cannot, therefore be imputed to him, and plaintiff is entitled to recover for the use and benefit of Teska Guillot, Junior, and for the medical expense he was put to by the accident.

As to the injuries sustained by the boy and the amount he is entitled to recover, our learned brother of the District Court in his opinion said:

"Now, as to the amount of said damage. The court examined the law in connection with the jurisprudence and the evidence, and finds as follows:
"The younger boy was found on the cow-catcher, or front part of the locomotive, Dr. Jones, Tr. p. 111, testified as to the following injuries. Lacerated shoulder, upper and lower hip, dislocation of right elbow, bruise on hands, hemorrhage in right thigh, contusion of hip and slight burn in bend of knee, and

a laceration of the scalp. An x-ray picture of the skull shows an increased proliferation of the inner plate.

"It was also testified that, before the accident, the child was bright, quick, active, full of fun and free from any ills or pain. Since the accident, he has been apathetic, morose, easily frightened, anemic, pale, with soft and flabby flesh, and has fits and severe headaches. The expert testimony given is to the effect that a proliferation as a rule is permanent; and while none of the physicians would state positively that this boy would remain an invalid, still there is some evidence that there is a possibility of the proliferation extending to the brain eventually resulting in epilepsy and paralysis.

"In view of these facts, the court will allow $4500.00 for the injury and impairment of health, $1000.00 for physical suffering, and $200.00 to the father for medical attention and other expenses and incidentals, as alleged. These damages are about in line with the general holdings of the Supreme Court."

We concur in these findings and conclusions of the District Judge.

For the reasons assigned, it is ordered, adjudged and decreed that in suit No. 3017, Teska Guillot, Senior, individually and for and on behalf of his minor son, Teska Guillot, Junior, the judgment be affirmed, except as to the costs, and that as to them, that one-half of the stenographer's fees and one-half of the cost of summoning witnesses and witness fees be taxed against plaintiff; and it is further ordered, adjudged and decreed that in suit No. 3018, Teska Guillot, Senior, and Mrs. Naomie Roy Guillot, the judgment be reversed, plaintiffs' demands rejected and their suit dismissed at plaintiffs' cost.