record and in each case the decision has been adverse to the contentions of plaintiff in error. *James v. Franklin Life Ins. Co.,* 180 Ill. App. 632; *Noth v. Fidelity Mut. Life Ins. Co. of Philadelphia,* 211 Ill. App. 94.

Appellant seeks to distinguish those cases in that the suits there were in each case brought by the holder of the policy and not the beneficiary thereunder. We do not think this would make any difference. The policy reserved to Henry Mayer the absolute right to change his beneficiary at any time. Plaintiff's right under the policy up to the time of her husband's death was a mere expectancy which might have been defeated through his power to revoke her appointment as beneficiary. If he could in such a manner entirely defeat any claim of plaintiff under the policy, on what theory can it be urged that he might not in part defeat it by creating a lien against the sums of money to become payable thereunder?

We think the whole contract which was contained in the application, certificate of loan and the policy was fair and just; that the trial court properly construed the same and that there is no error in the record. The judgment will, therefore, be affirmed.

*Affirmed.*

---

**John F. Devine, Administrator, Defendant in Error, v. Mando Rammesathi, Plaintiff in Error.**

**Gen. No. 23,357.    (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

## Statement of the Case.

Action by John F. Devine, as administrator of the estate of Rudolph Kramp, deceased, plaintiff, against Mando Rammesathi, defendant, to recover for the wrongful death of plaintiff's intestate. From a judgment for plaintiff for $3,000, defendant brings error.

ERNEST SAUNDERS, for plaintiff in error.

FREDERIC C. ELLIS and FRANK C. KUHN, for defendant in error; CHARLES C. SPENCER, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. ROADS AND BRIDGES, § 239*—*when negligence in leaving team unfastened and unattended shown.* In an action for the death of a boy who was killed while playing upon the sidewalk by defendant's team, which had run away after being left unguarded and unfastened in a public street in violation of ordinance, evidence *held* to show defendant's negligence and that death resulted from the injuries sustained in consequence thereof.

2. DEATH, § 67*—*when verdict not excessive.* A verdict for $3,000 *held* not excessive for the death of a boy 5 years of age.

3. TRIAL, § 54*—*when denial of motion to withdraw juror is proper.* Denial of defendant's motion to withdraw a juror where defendant claimed surprise on account of the death of a stenographer who had taken the testimony of one of plaintiff's witnesses at the coroner's inquest, defendant desiring to impeach such witness by the stenographer's notes, was proper where the testimony of such witness at the inquest might have been obtained from the official record of the coroner.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.