Crane *v.* Sadler, Appellant.

Argued April 18, 1929.

Before TREXLER, KEL-

218

ler, Linn, Gawthrop, Cunningham and Baldrige, JJ.

J. Norman Martin, of Martin & Martin, for appellant.

W. Walter Braham, and with him William D. Cobau, James Glenn Berry and Aikens & Braham, for appellees.

Opinion by Trexler, J., July 2, 1929:

This action was brought to recover damages consequent to injuries sustained by Kenneth R. Crane, a minor, aged four and a half years. The home of the Cranes was along an improved highway. Between ten and eleven o'clock in the morning, the child was on the sidewalk opposite his parent's dwelling and started to cross the street and when he got to the middle of the street he was struck by defendant's automobile. The defendant had approached at a rate of speed in excess of thirty miles an hour. The highway is straight at the place and the defendant in approaching, had an unobstructed view for more than an eighth of a mile. There were no vehicles passing that obstructed his vision and had he watched the road, he could have

seen the boy. Under these facts, there was sufficient evidence to warrant a verdict for the plaintiff.

We are not required at this stage of the case to consider the defendant's testimony which was in direct variance with the above. The question of the negligence of the parents was submitted to the jury and properly so. The facts in the case do not warrant the court to declare as a matter of law that they were at fault. To do this the court would have been required to assume that the mere presence of a child of tender years unattended upon a public street is negligence per se. The question is very fully discussed by Justice WALLING in Dattola v. Burt Bros., Inc., 288 Pa. 134, and numerous cases are cited.

In the present case, the parents of the boy left him at the breakfast table and went in the side yard to plant flowers. The side door of the dwelling was open and the front door was unlocked. The child left the table and opened the front door and evidently crossed the street unobserved by the parents. Under such circumstances, negligence is not necessarily imputed. As stated above, the mere fact that a child of tender years is momentarily found alone on a public street does not as a matter of law establish negligence on the part of its parents. It was a question for the jury.

There are two assignments directed to the charge of the court, but we do not find any merit in either. The court charged, "The testimony of the plaintiff's witnesses is to the effect that this boy was at the side of the road there, and that he undertook to cross when this car was some distance away, and that as he stood there at the side of the road he would be in plain view of the driver of the car, and that in undertaking to cross there he was injured while in the view of the driver of the car; on the other hand the defendant contends, and produces witnesses to the effect that

immediately before the accident, there was a truck parked in front of this grocery store of Vannatten's and that the boy darted out from behind the truck, not coming into the view of the driver until he was within a few feet of his machine. One of the witnesses says he saw him at a distance of about five feet I believe; one of the witnesses says, the lady who testified, Mrs. Mullen, says she saw him about three feet, the driver of the car himself says he was only about two feet when he saw him. Now, it makes a great deal of difference as to the liability in this case, which of those witnesses were telling the truth."

The appellant argues that the court told the jury that the liability of the defendant depended upon which of the defendant's witnesses told the truth. We do not so read the sentence. The reference, we think, was made to the witnesses of both plaintiff and the defendant. If they believed the plaintiff's witnesses they could find for the plaintiff and if they believed the defendant's, their verdict would be for him. Under the testimony presented, there was no error in this. The judge evidently intended to express this thought, for in the immediate context, he stated, "There is a rule of law, that if one appears suddenly in a highway, so suddenly that the driver of the car has no opportunity to avoid an injury, that there is no liability; on the other hand it is the duty of the driver to be vigilant, and to look not only at the road, but at the side of the highway, and especially to use care when approaching street intersections, so that the liability of the driver of this car depends largely upon the situation that there confronted him," and then proceeded further to elaborate the same subject.

In instructing the jury as to the measure of damages, the court stated "It would not be such an amount as a person would take to undergo a

given amount of suffering, but it is such an amount as under all the evidence would be fair compensation for it; it must always be reasonable in amount and should not be excessive; should not be such an amount that would be put on in the way of punishment, or that would be given under undue pity, or on account of undue prejudice, but should be an amount such as you think would reasonably compensate for the pain and suffering undergone.'' Did this imply that the jury might give some sum by reason of pity and some by reason of prejudice, but not an excessive amount? We do not think so. True it is that the word ''undue'' means excessive, but it is not the only meaning of the word; it also means not due, and evidently the court did not intend that pity or prejudice should form a basis for allowing damages, for in the concluding clause of the sentence, he fixes the standard to be employed and reiterates that the amount should be such as can ''reasonably compensate for the pain and suffering undergone.'' The evident purpose of the court was to tell the jury that they should discard all pity and prejudice and give reasonable damages.

All the assignments are overruled and the judgment is affirmed.