DIMITRIOS L. TOURIS, Appellant, *v.* FAIRMONT CREAMERY COMPANY, Respondent.

LAMPROS TOURIS, an Infant, by DIMITRIOUS L. TOURIS, His Guardian ad Litem, Appellant, *v.* FAIRMONT CREAMERY COMPANY, Respondent.

Fourth Department, March 12, 1930.

*Clayton M. Smith,* for the appellants.

*Percy R. Smith* [*Gus H. Unfug* and *Harold J. Adams* with him on the brief], for the respondent.

EDGCOMB, J. On the afternoon of December 13, 1928, the plaintiff Lampros Touris, a lad five and a half years of age, was crossing Rhode Island street in the city of Buffalo, when he was struck and injured by an automobile, owned by the defendant and driven by one of its servants. Actions have been commenced by the boy and his father to recover the damages to which they claim to be entitled by reason of this accident. The cases were tried together. After the jury had reported a disagreement, the court, upon motion of defendant's counsel, directed a verdict in favor of the defendant in each case. Plaintiffs appeal from the judgments entered upon such directed verdict.

Rhode Island street runs in an easterly and westerly direction, and intersects Niagara street at substantially right angles. It is conceded that defendant's car was being driven westerly in Rhode Island street, and that the accident happened in that highway, a short distance easterly of its intersection with Niagara street, between four-thirty and five o'clock in the afternoon.

The court having directed a verdict in favor of the defendant, the plaintiffs, upon this appeal, are entitled to the most favorable inferences which can be drawn from all the evidence. (*Higgins* v. *Eagleton*, 155 N. Y. 466, 471; *Central Bank of Rochester* v. *Gleason*, 206 App. Div. 28, 31; *Walz* v. *Muir*, 218 id. 495, 499.)

With this rule in mind, we think that a jury would be justified in finding the following facts, viz.:

That the plaintiff Lampros Touris was crossing Rhode Island street from the northerly to the southerly side, at a point about sixty-one feet easterly from the easterly line of Niagara street; that he was struck by the right side of the automobile at a point near where the fender joins the running board, after he had passed beyond the center line of the street, and when he was on the southerly portion thereof, so that defendant's car was entirely on its left-hand side of the road when the accident occurred; that a truck was backed in on the sidewalk in front of a garage on the northerly side of Rhode Island street at a point one hundred and forty-six feet easterly of Niagara street and eighty-five feet easterly of the point where the accident happened, and that the front of the truck extended into the traveled portion of the highway some ten or twelve feet; that Rhode Island street was thirty feet wide between curbs; that no car was parked or moving along the northerly side of Rhode Island street within the eighty-five feet from said truck down to where the accident took place, and that there was nothing which would have prevented defendant's car from traveling on that side of the street for that distance, or which would have interfered with the driver seeing a person crossing the street at

any point within that eighty-five feet; that the driver of defendant's car did not see the child until the moment of the collision, and that he failed to blow any horn or to give any signal of the approach of the car, or to slacken his speed until the child was struck; that respondent's automobile was being driven at a moderate rate of speed, and that the driver was looking for a place to park on Rhode Island street, which, to some extent at least, was occupying his attention.

If the jury had found the facts as above outlined, we think that they would have been justified in finding the defendant negligent.

An ordinance of the city of Buffalo requires all vehicles to travel as near to the right-hand curb as practicable. (See Ordinances of City of Buffalo, chap. 60, § 12, subd. 6, known as the Traffic Ordinances of the City of Buffalo.) If defendant was violating that ordinance, and was unnecessarily on the wrong side of the road, that would constitute some evidence of negligence on its part. If the child was in plain sight of the driver while the latter was traveling eighty-five feet, and no warning of the approach of the car was given, and its speed was not slackened, the jury would have been justified in finding that the driver was neglectful of his duty.

While the evidence as to just how this accident happened is not as clear or satisfactory as might be wished, still we think that an inference would be justified that defendant's servant could have avoided this accident by the exercise of reasonable care, and, if that is so, the question of defendant's negligence was one for the jury rather than the court.

While the jury would have been justified in exculpating the driver of any neglect or carelessness, still we think that a finding to the contrary would not have been so contrary to the weight of evidence that the court would feel constrained to set it aside.

The question of contributory negligence was clearly one of fact. The lad was five and a half years of age at the time he was injured. Whether he was *sui juris* or *non sui juris* was a question for the jury and not for the court. (*Camardo* v. *New York State Railways* 247 N. Y. 111.)

There is nothing in the evidence which would warrant the court in holding that the lad, if he was *sui juris*, was guilty of contributory negligence as a matter of law. He cannot be charged with negligence, if he exercised such care and caution as a child of the same age, experience and capacity would have exercised under like circumstances. (*Camardo* v. *New York State Railways, supra; Simkoff* v. *Lehigh Valley R. R. Co.,* 190 N. Y. 256; *Stone* v. *Dry Dock, etc., R. R. Co.,* 115 id. 104.) The measure of care required of this boy, if he was *sui juris*, was peculiarly one for the jury. He could not

be held negligent simply because he crossed the highway between street intersections.

If the child was *non sui juris*, the negligence of the parents or custodian was a question of fact for the jury. The evidence shows that the child had been warned by his father to be careful in crossing streets. A parent is not negligent as a matter of law in permitting an immature child to play in the street. (*Kunz* v. *City of Troy*, 104 N. Y. 344.)

While the case is close, we think that a question of fact was presented upon both phases of the case, and that the judgment should be reversed and a new trial had.

All concur, except CROSBY, J., who dissents and votes for affirmance. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

In each case: Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.