OMAR A. HINE, as Guardian ad Litem for PAUL T. HINE, an Infant, Appellant, *v.* AIRD-DON COMPANY, Respondent.

OMAR A. HINE, Appellant, *v.* AIRD-DON COMPANY, Respondent.

Third Department, May 13, 1931.

*Ransom H. Gillett,* for the appellant.

*Sugarman, Michael & Weeks* [*David B. Sugarman* and *Melvin A. Weeks* of counsel], for the respondent.

HINMAN, J. A nonsuit in each action has been granted at the close of the plaintiff's case. The plaintiff is entitled to the most favorable inferences that may be drawn from the testimony. The proof shows, or so the jury might have found, that the unassembled parts of a new furnace, consisting of a base weighing 125 pounds, a fire pot weighing about 350 pounds, three boiler sections weighing about 125 pounds each and a box, were piled on the sidewalk in a residential section of the city of Albany and left there by the

defendant's truckmen on the morning of January 2, 1930, at a time when children were starting to school, which was probably shortly before nine o'clock; that at that time or almost directly thereafter a neighbor living in an adjoining house who was starting her child to school saw the parts of this furnace piled on the sidewalk and saw one of the parts leaning against the pile; that sometime after nine o'clock a child, three and one-half years of age, was found lying on the sidewalk with the base of this furnace upon his leg, which was broken by the fall of the base; that, since the other parts of the furnace were then found to be piled flat, the part found on the child's leg was the one which was earlier seen to be leaning against the pile; that this base was circular in shape with about one-third of it cut off, there being a straight edge on that one-third portion; that the child had left his home, which was a few houses above on the same street, shortly before the accident and his mother did not know of the obstruction on the sidewalk; that defendant's truckmen unloaded these parts on the uneven brick portion of the sidewalk between the curb and the flagging and then left; that another contractor was to install the furnace; that the latter with two of his workmen arrived sometime after nine o'clock to install the furnace; that they did nothing to interfere with the materials thus piled on the sidewalk and did not observe the manner in which they were piled; that a few minutes after their arrival the two workmen were on their way from the street to the house with their chest of tools when they heard a crash and a scream and returning to the street found the child on the sidewalk with the heavy base upon his leg. The jury could have inferred that this leaning piece was improperly placed and because of this it fell and injured the child. Even if the child touched it, or took hold of it, or in some way disturbed its balance, that could not have been accomplished by a child of that age unless it was leaning in a dangerous condition and easily unbalanced.

Every one who creates a nuisance or participates in the creation or maintenance thereof is liable for it. (*Uggla* v. *Brokaw*, 117 App. Div. 586, 595; *McNulty* v. *Ludwig & Co.*, 153 id. 206, 215; *Sullivan* v. *McManus*, 19 id. 167.) We think it was a question of fact for the jury as to whether the placing of these materials on the sidewalk in this manner by the defendant's truckmen constituted a nuisance. (*Congreve* v. *Smith*, 18 N. Y. 79; *Cosgrove* v. *Ogden*, 49 id. 255; *Kunz* v. *City of Troy*, 104 id. 344; *Sullivan* v. *McManus, supra; McCloskey* v. *Buckley*, 223 N. Y. 187; *Murphy* v. *Leggett*, 164 id. 121; *Lyman* v. *Village of Potsdam*, 228 id. 398; *Rehberg* v. *Mayor, etc.*, 91 id. 137; *McFarlane* v. *City of Niagara Falls*, 247 id. 340.)

It was also a question of fact for the jury to decide whether this child, three and one-half years of age, was *non sui juris* (*Camardo* v. *New York State Railways*, 247 N. Y. 111), and if so whether the parents were negligent in permitting this child to be on the sidewalk for a few minutes under the circumstances disclosed. (*Kunz* v. *City of Troy*, *supra; Huerzeler* v. *Central Cross Town R. R. Co.*, 139 N. Y. 490.) Since the jury could have found with the plaintiffs on all issues, it was improper to grant a nonsuit.

The judgments should be reversed and a new trial granted, with costs in one action to the plaintiffs to abide the event.

All concur.

Judgments reversed on the law and new trial granted, with costs in one action to the plaintiff to abide the event.