BERNICE RONDEAU *vs.* DAVID J. KAY.

Worcester. January 12, 1933. — March 30, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way, Of child, Of person in charge of child.

At the trial of an action for personal injuries sustained by a pedestrian on a street when he was struck by an automobile operated by the defendant, a finding of negligence on the part of the defendant was warranted on evidence that the accident happened in a thickly settled district; that the plaintiff stepped off the sidewalk at a time when the defendant's automobile was about one hundred thirty feet away and proceeding at the rate of twenty-five miles an hour; that the defendant had a clear view of the plaintiff from the time he left the sidewalk to the time of the accident, which occurred at the middle of the street; that the defendant did not slacken the speed of the automobile previous to the accident; and that the accident occurred at an intersection which was "blind" and which was marked with a large sign stating, "Stop Dangerous Intersection."

A child about three years and one month of age as a matter of law is incapable of exercising care for his own safety.

At the trial of an action for personal injuries sustained by a child about three years of age when he was struck in a street by an automobile, there was evidence that the plaintiff's residence was on the street near the place of the accident; that the plaintiff was one of four small children, whom the plaintiff's mother had to look after, in addition to doing all the housework, without assistance; that the plaintiff's father was away at the time of the accident; that his premises were enclosed by a fence, the gate in which was closed and fastened with a hook shortly before the accident; that the plaintiff's mother had allowed the plaintiff to go into the yard to play, had told him not to leave it and had seen him therein between two and five minutes previous to the accident; that the plaintiff had been allowed to play in the yard on previous occasions and, to his mother's knowledge, had not disobeyed similar instructions; and that the plaintiff was a child of good health and average brightness. *Held,* that it could not properly have been ruled as a matter of law that the plaintiff's mother was negligent in her care of the plaintiff.

TORT. Writ dated August 14, 1929.

The action was tried in the Superior Court before *Broadhurst,* J. Material evidence is stated in the opinion. The

judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged an exception.

*C. W. Proctor*, for the defendant.

*F. T. Mullin*, for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff, a child three years, one month and eight days old, as the result of a collision between her and an automobile, owned and operated by the defendant, at the corner of Salem and Myrtle streets in the city of Worcester at about one o'clock on Sunday afternoon, July 14, 1929.

The evidence for the plaintiff warranted the finding of the following facts: Salem Street is a public way; it is a straight way, and runs southerly from Franklin Street to Southbridge Street. It is a one-way street, traffic being allowed to go southerly only, and is paved with granite blocks, is twenty-two feet wide between curbs, and the sidewalk on the westerly side thereof is six and seven tenths feet wide. Myrtle Street at or near its intersection with Salem Street is twenty-six feet six inches wide from curb to curb. These streets make a blind corner as one comes from Franklin Street. Lynn Street runs easterly from Salem Street but does not cross it. It is parallel with and about one hundred and thirty-four feet northerly of Myrtle Street. On the northwest corner of the intersection of Salem and Myrtle streets there was a grocery store and there were buildings and stores on the opposite or easterly side of Salem Street. The locality is a business and tenement district, thickly settled and densely populated. At the time of the accident the plaintiff was one of four children, the oldest being seven years of age, living at number 1 Lynn Street. Her mother was pregnant and another child was born ten days after the accident. The family had lived at number 1 Lynn Street for about three years. The plaintiff's father worked in a fruit store and was away at the time of the accident. Her mother had to do all the housework and look after the children when the father was not present, and "did not employ a nurse girl or maid at

the time of the accident." The only entrance to the house was about thirty feet from Salem Street on Lynn Street. There was not much traffic on Lynn Street on either Sundays or week days. There was a fence around the yard with a gate in front of the front steps. It was fastened with a hook and was closed within fifteen or twenty minutes before the accident. The mother told the plaintiff she might play in the yard, and to stay in the yard. She had seen the plaintiff between two and five minutes before the accident in the house and had told her not to leave the yard. She had allowed her to go into the yard before, and had given her similar instructions, and "according to her knowledge the plaintiff had never left the yard before the day of the accident after [she] . . . had cautioned her." After the plaintiff left the house the mother heard her children playing in the yard but did not know whether she heard the voice of the plaintiff. The plaintiff's sight, hearing and health were good and she was of average smartness and brightness.

The jury were warranted in finding the following facts descriptive of the accident: The defendant, between twelve and one o'clock on the day of the accident, drove his automobile into Franklin Street and along Salem Street. There were some automobiles parked on the easterly side of Salem Street. No traffic was moving and his view was unobstructed from above Lynn Street to below Myrtle Street. As he passed Lynn Street, proceeding southerly, he drove to the left of the middle of the street at the rate of twenty-five miles an hour. At the intersection of Salem and Myrtle streets there was a "blind corner" where a large sign was placed on which were painted the words, "Stop Dangerous Intersection." Immediately preceding the collision, the plaintiff with two other children came out of the grocery store on the westerly side of Salem Street near its intersection with Myrtle Street, and the plaintiff came to the curbing of the sidewalk looked up and down Salem Street, then stepped from the curbing and walked half way across the street. A witness who saw her leave the curbing at the

same instant saw the defendant, "right at Lynn Street," his automobile moving at the rate of twenty-five miles an hour. This witness testified that the defendant did not slacken the speed of his automobile at all between the time the witness first saw it and the time it came in collision with the little girl; that it was driven "on the left side of the street," the left wheels being three or four feet from the curbing; that "There was nothing, moving or stationary, to hide the view of the operator of the car any time from the time that the plaintiff first stood on the curbing up to the time that she was struck by the automobile"; and that the automobile was in plain view for the child just as much as the child was in plain view for the automobile.

At the close of the evidence the defendant moved that a verdict be directed in his favor for the following reasons: (1) Upon all the evidence, the defendant is not guilty of negligence; (2) Upon all the evidence, the plaintiff is guilty of contributory negligence; and (3) The plaintiff's mother and custodian was guilty of negligence in permitting her minor daughter to be upon the highway and the plaintiff was not in the exercise of that degree of care required of an ordinary prudent adult person.

The jury would be warranted in finding the defendant guilty of negligence in driving his automobile through a thickly settled and densely populated district, on a public way, at a speed of twenty-five miles an hour, knowing that he was approaching a "blind corner" and that there was a sign at that corner which read "Stop Dangerous Intersection." *Griffin* v. *Feeney*, 279 Mass. 602. St. 1928, c. 166. The plaintiff, as matter of law, was incapable of exercising any care for her own safety and, as a corollary thereto, could not have been found guilty of contributory negligence. *Gallagher* v. *Johnson*, 237 Mass. 455. *Stachowicz* v. *Matera*, 257 Mass. 283. The only real question for decision is whether the mother was in the exercise of due care in permitting the child to go to the yard without some one to watch over her. We think the evidence was ample under our decisions to establish affirmatively that she did exer-

cise such care.  *Powers* v. *Quincy & Boston Street Railway*, 163 Mass. 5.  *Quinn* v. *Boston Elevated Railway*, 214 Mass. 306.  *Coldiron* v. *Worcester Consolidated Street Railway*, 253 Mass. 462.

*Exceptions overruled.*