ROBERT FAIRCLOTH *vs.* FRAMINGHAM WASTE MATERIAL CO.

Norfolk.   April 7, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence*, Of person in charge of child, In use of way, Motor vehicle. *Evidence*, Presumptions and burden of proof, Admitted without objection.

At the trial of an action by a child not of sufficient age to exercise care for his own safety, for personal injuries sustained when he was struck on a street by an automobile operated by the defendant, the burden was on the plaintiff to show that the person charged with care of him was not negligent.

Evidence, at the trial above described, that the plaintiff's mother placed him in charge of his nine year old sister and permitted them to play with other children on the sidewalk and in the front yards of the neighboring houses; that the plaintiff's mother thereafter looked out of the window of her house several times and saw the children, the last time being a few minutes before the plaintiff was struck, when she saw him with other children in the front yard of premises nearby;

that, while the plaintiff's sister was at the rear of those premises, the plaintiff ran into the street and was struck; and that the neighborhood was residential in character and the street was not one which bore an unusual amount of traffic, warranted a finding that neither the plaintiff's mother nor his sister was negligent in her care of him.

Conflicting evidence at the trial above described, which, in its aspect most favorable to the plaintiff, warranted findings that the defendant, operating his automobile at about fifteen miles an hour, approached a large van parked on his left side of the street at such an angle that it projected a substantial distance into the street; that the defendant turned to his right, passed around the front of the van and then turned to his left into 'the center of the street, there being no occasion for his doing so, struck the plaintiff in the center of the street eighteen to twenty feet beyond the van, and proceeded twenty feet further before stopping, although he applied his brakes; that, before passing around the van, he had an opportunity to see the portion of the street which the plaintiff must have traversed; that the defendant could have seen the plaintiff in the street in time to have avoided him; and that the defendant either did not look in the direction from which the plaintiff was approaching or looked carelessly, warranted a finding that the defendant was negligent.

At the trial of an action against a corporation for personal injuries sustained when the plaintiff was struck in a street by an automobile owned by the defendant and operated by an employee thereof, testimony, admitted during the plaintiff's evidence without objection by the defendant or request for a limitation of its application, that the operator had said that he did not see the plaintiff until after the automobile struck him, was entitled to its full probative force against the defendant in the circumstances.

TORT. Writ in the District Court of East Norfolk dated October 26, 1931.

The action was heard in the District Court by *Nash*, J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $4,500 and reported the action to the Appellate Division for the Southern District. A finding and judgment for the defendant were ordered. The plaintiff appealed.

*R. S. Riley*, for the plaintiff.

*F. P. Hurley*, for the defendant.

DONAHUE, J. The plaintiff, a boy three years and seven months old, while running across Scammell Street, Quincy, in the vicinity of his home, was hit and injured by an automobile truck driven by an employee of the defendant. The trial judge in the District Court found

for the plaintiff and reported to the Appellate Division certain rulings made and refused by him on the defendant's requests for rulings. The Appellate Division held that the trial judge erred in refusing to give the defendant's second and fourth requests, namely: "2. On all the evidence there is no evidence that any negligence of the defendant, its agent or servants had any causal connection with the injuries sustained by the plaintiff"; "4. There is no evidence to indicate that the plaintiff could be seen by the operator of the defendant's automobile for more than an instant, if at all, before the happening of the accident herein involved." It "found and decided that there was prejudicial error in the rulings of the trial court" and ordered that "Finding and judgment be entered for the defendant." From that order the plaintiff has appealed.

About an hour and a half before the accident the plaintiff's mother put him in charge of a nine year old sister and permitted the two children to go out and play on the sidewalk and in front yards of other houses on the street. The mother thereafterward was engaged in her household duties but she looked out the window several times and saw her children, the last time being about five minutes before the accident, when she saw them with other children in the front yard of one of the houses in the neighborhood, which was residential in character. It does not appear that the street was one bearing an unusual amount of traffic. The plaintiff ran from the yard, where his mother had seen him, pursued as it might have been found by another somewhat older boy. At that instant the nine year old sister was at the rear of a driveway leading to a garage in the rear of those premises. The trial judge in substance found and ruled that the plaintiff was not of sufficient age and experience to be allowed unattended upon a public street. See *Mulligan* v. *Curtis*, 100 Mass. 512; *Dowd* v. *Tighe*, 209 Mass. 464; *Coldiron* v. *Worcester Consolidated Street Railway*, 253 Mass. 462, where the ages of the children concerned were respectively three years six months, three years eight months, and three years ten months. The plaintiff in running into the street did not

use the care required of an adult under the same circumstances, *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79, or conduct himself in a manner which would be considered careful if his movements had been directed by an adult person of ordinary prudence. *Miller* v. *Flash Chemical Co.* 230 Mass. 419. The burden was on the plaintiff to prove that his mother and his sister in their custody of him were not negligent. We cannot say as matter of law on the facts appearing in the record that the mother was negligent in the choice of the nine year old sister as the plaintiff's immediate custodian, *Travers* v. *Boston Elevated Railway,* 217 Mass. 188, *Pinto* v. *Brennan,* 254 Mass. 298, or in not personally giving the plaintiff more supervision, while he was out of the house, than she in fact did give. *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37. *Ayers* v. *Ratshesky,* 213 Mass. 589. Nor can we say as matter of law that the sister in her custody of the plaintiff failed to use the care which was required of her, that is, the care reasonably to be expected of a child of her age. *Collins* v. *South Boston Railroad,* 142 Mass. 301, 315. *Roberge* v. *Follette,* 261 Mass. 438, 440. See also *McDonough* v. *Vozzela,* 247 Mass. 552; *Clark* v. *Martin,* 261 Mass. 60.

The evidence is conflicting on many elements of fact which bear on the question of the driver's conduct. This is true even of distances between fixed points referred to in the testimony. It was agreed at the argument before us that the trial judge took a view and it would seem that what he then observed must have been helpful in fixing essential facts. While the case is close, we think that on the record before us it cannot be said that the finding by the trial judge that the driver was negligent was unwarranted. Since there is conflict in the testimony we here follow, as we must, the version most favorable to the plaintiff.

A very short distance from the point where the accident occurred the defendant's truck coming from an intersecting street entered Scammell Street close to its center and was proceeding in a westerly direction. On the southerly half of the street, at the driver's left, was a large covered moving van which had backed at an angle

partially into a driveway. It extended out into the street fourteen to sixteen feet leaving between its front and the northerly edge of the street no more room than enough to permit the passage of the defendant's truck. The driver turned to his right, to pass the front of the van, then turned to his left, and the front left wheel of the truck came into collision with the plaintiff at a point near the center of the street and eighteen or twenty feet west of the van. Although the brakes were applied by the driver the truck went twenty feet further before it came to a stop. There was testimony that another automobile was parked on the north edge of the road a little westerly of the location of the front of the van. If this were true it would explain the driving of the truck to the left and toward the center of the street. But there was other testimony that no such parked automobile was in the vicinity. If this were believed it might have been found that without occasion the driver left his right hand side of the street and drove to the center, where the collision occurred.

We think the evidence warranted the finding that the driver could have seen the boy in the street running into the path of his truck in season to avoid hitting him and that he did not see him until after the collision. The angle at which the van was placed would seem to afford the driver a favorable opportunity to see that portion of the surface of the street to his left and west of the truck which must have been traversed by the boy before the cab of the truck, where the defendant's employee was seated, actually reached the front of the van. On testimony of witnesses estimating the speed of the truck it might have been found to be fifteen miles an hour. Considering the relation between that and any speed that the boy could possibly attain in running the distance from the yard to the center of the street where he was struck, it could have been found that he was out in the street and sufficiently far away from the van so that a prudent driver would have seen him and would have done something to avoid the collision and would not, under the circumstances existing, have turned to the left and hit him in the center of the street. The driver

testified that while passing the van "I think I was looking ahead." If he was and did not see the boy, there was warrant for the finding by the trial judge that he must have been looking carelessly.

There was testimony introduced by the plaintiff that following the accident the driver said that he did not see the plaintiff until after the collision. This was not introduced after the driver, when called by the defendant, had testified that he did see the plaintiff before the collision running within two or three feet of the truck. If that had been the time of the introduction of the statement of the driver it would have been admissible, though only for the limited purpose of contradicting the driver's testimony. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594. *Coolidge* v. *Boston Elevated Railway*, 214 Mass. 568, 571. Here, however, the testimony in question was introduced in the plaintiff's case. It was not objected to. No request was then or thereafter made that it be limited in its application. No ruling with regard to it was at any time asked. The trial judge, therefore, was entitled to give it as against the defendant employer its full probative force in the determination of the question whether or not the driver did see the plaintiff before the collision. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573. *DuBois* v. *Powdrell*, 271 Mass. 394, 397, 398. A companion seated on the truck beside the driver testified that he saw the plaintiff when the latter was about ten feet away and coming toward the truck and that after the collision the driver said, "What . . . happened?" We think that the evidence permitted the trial judge to find that the driver did not look and hence did not learn what a driver of ordinary prudence under the same circumstances would have known: that there were children in the street running at a right angle to the course he was pursuing. Whether the driver looked carelessly and did not see or whether he did not look at all, there was warrant for the trial judge finding him negligent. There was, therefore, no error in refusing to give the defendant's second and fourth requests.

As on the record no error of law appears in the trial

judge's finding for the plaintiff and the action of the Appellate Division in ordering judgment for the defendant was unwarranted, judgment is to be entered for the plaintiff on the finding of the judge of the District Court. *Newman* v. *Hill,* 250 Mass. 578.

*So ordered.*