WISE et ux. v. EUBANKS et al.
No. 4909.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

Watkins & Watkins, of Minden, for appellants.

Kennon & Kitchens and Langston & Thomas, all of Minden, for appellees.

TALIAFERRO, Judge.

Plaintiffs' 5 year old son was run down. and killed by a gravel-laden truck driven by defendant Dewey Eubanks, an employee of road district No. 2 of Webster parish, owner of the truck, about mid-evening of July 20, 1932. It is alleged that Eubanks was an employee of the police jury of Webster parish, in the discharge of his duties to it, when the accident happened. The jury and its insurer, Maryland Casualty Company, were made parties defendant.

The accident happened a short distance below the town of Springhill in Webster parish. Plaintiffs and their deceased son and a younger child had been to the town and were returning to their home, walking southerly on highway No. 90, at time of the tragedy. The party had crossed over a small bridge in the road, 55 feet from a path that led from the east side of the highway to their home. They were all on their left-hand side of the

road, the mother and smaller child 4 or 5 feet in advance of the father and older child. This child, who had been holding his father's hand, left the father's side and proceeded down the road beyond his mother, quickly turned to his right, nearly at right angles, and started rapidly across the road, 25 feet or more wide. The mother holloed to it, apparently causing it to pause about the center of the road. The child then observed the close proximity of the truck approaching on its right side, and made a dash to gain the west side of the road. The right fender of the truck struck him as he reached the west edge of the highway, causing instant death. The negligence charged to Eubanks, the proximate cause of the death of the child, is disclosed from the following allegations of the petition:

"* * * And just before they reached the place to leave the highway to go home their son, who was some distance ahead, crossed the highway to look at something that attracted his attention and was on or near the edge of the road when the truck, loaded with gravel, driven by Dewey Eubanks, crossed the bridge and came down the middle of the road at a rapid rate of speed without making any effort to apply the brakes or stop the truck or sound any alarm and turned the truck directly in the direction of their little son, running the truck against and over him and off of the highway a distance of fifty-four feet before it stopped.

"That the driver of the truck was entirely at fault in causing the death of the child as the child was in plain view of the driver who saw the child and could have avoided the accident by stopping the truck or going in a direct course down the road, instead of doing so he sounded no alarm and made no effort to stop the car by applying the brakes or otherwise, but turned the car directly in the direction of the child and caused the truck to run against and over the child, * * *"

The police jury excepted to the petition on the ground that it disclosed no cause and no right of action as against it. This exception was sustained, and the suit dismissed as to it.

The Maryland Casualty Company filed a lengthy answer denying any liability whatever in connection with the death of plaintiffs' son. Among the several specific defenses urged and proved, only one need be considered. It is that the truck which ran into and killed the child was not owned by the police jury of Webster parish, and was not included in the policy of insurance issued by the Maryland Casualty Company. This

defense is established beyond any doubt; and for this reason the suit as to the insurer was properly dismissed by the lower court.

Eubanks' answer is a general denial of any negligence on his part as a cause or proximate cause of the death of plaintiffs' son. He further avers that, as his truck was almost even with the boy, he, suddenly and without warning, darted across the highway from the left side to the right side, placing himself directly in the path of travel of the truck, then almost upon him, thereby creating a sudden emergency; that he promptly applied the brakes, and cut the truck to its extreme right, and drove it into the ditch in the effort to avert collision with the child, but struck him nevertheless. He further pleads:

"In the alternative, and in the alternative only, in the event this Honorable Court should hold defendant negligent, which negligence is emphatically denied; that whatever negligence there may be was due to the boy and should be attributed to the boy; that said negligence of the boy was concurrent with the alleged negligence of the defendant; that defendant especially pleads concurrent and contributory negligence on the part of the said boy as a bar to recovery herein;

"Further avers that if this Honorable Court should hold that the son was not negligent, then in the alternative, the said negligence should be imputed to the parents of the said boy; that the parents were with the boy, had him under their care; were walking with him and were his guardians and custodians; that their negligence is shown by their allowing the boy to run loose on the highway to cross at will;"

Plaintiffs' suit against Eubanks was dismissed, and, from judgment thereon, they prosecute this appeal.

■ The record is not burdened with affirmative proof of the creation and existence of road district No. 2 of Webster parish, but the fact is at least inferentially established by admissions and pleadings of all the parties to the suit. Such political subdivisions of a parish are public corporations, under the law, and they may own property appropriate to the carrying on of road building and maintenance within their territorial limits. They may sue and be sued, and be held responsible for the torts of their agents, and are liable for workmen's compensation in given cases. Hicks v. Parish of Union et al., 6 La. App. 543.

■ While the police jury of the parish, of which a road district is a part, is the governing authority thereof, yet neither the parish

nor police jury may be held responsible for the illegal or negligent acts of the district's agents, for the reason it is a separate and distinct legal entity. Therefore, the truck in question being the property of the road district and Eubanks being its employee, it is obvious that the police jury to no extent could be held liable to plaintiffs for the death of their son. However, the ruling of the lower court in sustaining the exception filed by the police jury was based upon the legal principle that police juries, being state agencies, with only delegated powers, in the performance and discharge of their governmental functions, cannot be held responsible for the negligence of their agents and employees. See De Moss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 68 A. L. R. 336, and cases therein cited. We agree with this ruling.

Mr. Wise testified that the truck was 60 or 70 feet from the child when it paused in the middle of the road, and that the truck was going at 30 or 35 miles per hour, but does not say he made any effort to get to it before the collision. He was not over 20 feet away at the time. The driver of a wagon, north of the bridge, near the scene of the accident, says that the truck was going 20 or 25 miles per hour and was about 15 or 20 feet from the child when first seen by it. We think this version of the rate of speed of the truck and distance it was from the child when first seen by it the correct one. The truck was south of the bridge, and it is only 55 feet from the place of the accident. Eubanks was not interrogated closely as to distances. He testified that he saw plaintiffs and the children walking down the road quite a distance before he crossed the bridge, and says further that the boy "was walking on the side of the road. Just before I got to (opposite) him a short distance he just ran out in front of me and got up pretty close." The record is silent as to whether he sounded the truck's horn or not. Neither he nor any other witness was questioned on this point. He did testify that he quickly applied the brakes of the truck and pulled it so far to his right that it ran off the road into the shallow flat-bottomed ditch, after striking the child on the extreme west edge of the road. This testimony is corroborated by other evidence in the case.

■ If the deceased child had not been attended by its parents the case would clearly fall within the rule enunciated in Brown v. Wade (La. App.) 145 So. 790, and authorities therein cited, as Eubanks admits the child

and his parents were seen by him walking down the road for a considerable distance before the tragedy. But observing that the children were in company with adults, and that one child was apparently with the mother and the other with the father, he was not required to exercise that high degree of care and caution in driving toward and by them that the law exacts if no adults had been present. He had the right to assume that these parents would exercise the care and caution for the protection of the children that the law imposes upon them, which as parents, naturally, they would be expected to exercise.

■■ A child of the age of deceased is prima facie incapable of contributory negligence (Westerfield v. Levis Bros., 43 La. Ann. 63, 9 So. 52; Guillot v. Texas & Pac. Ry. Co., 8 La. App. 143), but in cases of this character the parents' own negligence in not more carefully guarding the actions of the child may bar recovery of damages for its death (Berry on Automobiles, vol. I, p. 449).

■■ It was known to plaintiffs that this road was one of the main highways of the parish and that traffic over it was usually heavy. No good reason appears why they did not know of the approach of the truck before they admit they did know of it. It was their duty to keep such lookout as to have known of its approach. There were no other motor vehicles in sight. It was their duty to keep their children so close to them that their movements would at all times be within their control. These plaintiffs appear to have appreciated the importance of doing this, as the younger child was beside the mother, while the boy, the older, was with his father, holding his hand. The father allowed him to get beyond his immediate reach and control, assuming that he would take the path to their home, a few feet beyond them. In doing this he passed by his mother's side. He ran into the road in front of the approaching truck, instead, and the accident happened.

■ The truck was heavily loaded. It was on the proper side of the road and going at a reasonable speed under the circumstances; and, all things considered, we are unable to affix to Eubanks any negligence that could be considered as constituting the proximate cause of the unfortunate tragedy. After the emergency arose by the child suddenly running out into the road, he did what any reasonable person would have done, viz. endeavored to pass the child on the right side rather than try to pass to its left, and pos-

164

sibly run over the mother and other child. If we should be in error in exonerating Eubanks from negligence and lack of proper care in connection with the accident, then we hold that plaintiffs' own contributory negligence, in the respects mentioned herein, bars recovery by them.

Judgment affirmed, with costs.